## SUPREME COURT.

Louis Fleischmann agt. Frederick Schuckmann.

*Trade-mark — "Vienna bread" — injunction — right to use of word as a trade-mark.*

The plaintiff, who first applied the word "Vienna" to baked bread and other articles, having been engaged in the manufacture in the city of New York of an article know as "Vienna bread," and which he has for many years past sold with a label thereon containing the words "Vienna Model Bakery," can maintain an action restraining the use by other parties of a label in imitation of his own, and in particular from applying the "Vienna" to baked articles.

*Special Term, August,* 1881.

Action for a perpetual injunction restraining the use by defendant of a trade-mark.

*Fraser & Minor*, for plaintiff.

*C. Spiro*, for defendant.

Van Vorst, *J.*— This is an action brought by the plaintiff to restrain the use of his trade-mark by the defendant. The plaintiff is a manufacturer in the city of New York of an article known as "Vienna bread," and which he has for many years past sold with a label thereon containing these words: "Fleischmann, Vienna Model Bakery, Broadway and Tenth street, New York. Patent applied for." Since the plaintiff introduced his article, and after it had gone into general use,

Fleischmann agt. Schuckmann.

the defendant commenced to manufacture and has continued to sell bread in loaves of a form similar to those of plaintiff, with a label thereon containing the words: " Schuckmann's Genuine Vienna Bakery, 154 East fifty-fourth street, New York."

It is the use of this label by defendant which the plaintiff seeks to enjoin. The rights of the parties respectively will be best disposed of by a consideration, first, of the facts as they are disclosed by the evidence, and when they are ascertained there will be but little difficulty in applying the principles, legal and equitable, which the facts call for.

At the centennial exhibition, in 1876, Gaff, Fleischmann & Co., under the management of the plaintiff, first applied the word "Vienna" to baked bread and other articles. Upon the termination of that exhibition, plaintiff, who is by birth an Austrain, having purchased from the manufacturer, Fleischmann, the exclusive right to use the word "Vienna," in connection with baked articles, commenced on his own account a manufactory of bread on the corner of Broadway and Tenth street. To bring his bread and other articles manufactured by him from flour into notice he expended a considerable sum of money. He brought bakers from Vienna and procured his flour from the best mills. He advertised his products and employed agents. The defendant was himself at one time an agent of the plaintiff.

In 1878 he employed a lithographer to design an appropriate label to be attached to each loaf of bread, and the label upon which the words first above given are printed was produced. This label the plaintiff has ever since used, and his bread is known in the market by the label. Bread made in Vienna is favorably known, but it is not sold there under a distinctive name as such, nor is the form of loaf adopted by plaintiff in use there.

Plaintiff also manufactures an article called by him "American bread." Both kinds are, however, made from the same quality of flour, but the way in which the flour is turned into dough and afterward into bread differs.

Fleischmann agt. Schuckmann.

The "Vienna bread" differs from other kinds manufactured by plaintiff, and purchasers know it by its external form and its label, and upon eating it they know its distinctive quality.

The plaintiff's label was intended by the lithographer, and was produced by him, as an original design. The impression on the paper is panel-shaped, corners curved inwardly forming a part of a black line border having continued perforations beyond the border, to indicate the edge, so as to be readily separated for use. The label is an inch and one-quarter in length and one-half inch wide. The paper used is white and the impression is in black ink.

The label adopted by the defendant is in size, form, color of paper and the impression thereon, with border and perforations, in all respects similar to the plaintiff's. The character or family of letters in which the printing is done is exactly like plaintiff's. The designer of the plaintiff's label testified that it was a duplicate of the one originally prepared for the plaintiff's use, and that the imitation of the plaintiff's label was exact.

The difference in the words printed on the two labels appears above.

The intention of the defendant to imitate the plaintiff's label and the success of his effort is apparent. Purchasers desiring Vienna bread of the plaintiff's manufacture, and not careful closely to examine the words on the defendant's label, could readily be deceived, as the defendant has adopted a form of loaf similar to the plaintiff's. In purchasing articles of so common use as bread, labels are not expected to be critically examined, and persons who cannot read, as well as those who do, are obliged to buy. The deception is thus readily accomplished.

Courts of equity have uniformly condemned the imitation of labels and other distinctive marks by which a manufacturer has chosen to distinguish his goods, when it is done for the purpose of deceiving the public and advancing his own fortune by one who would appropriate to himself the advant-

ages secured through the successful enterprise and diligence of another    It is needless to cite authorities in support of a principle so consonant with reason and natural justice.

It does not at all take away from the force of this principle, which is applicable to the case now under consideration, that no complaint is made of the quality of the defendant's bread. If the bread sold by the defendant was bad it would add to the injury. But he is enabled by his imitation to sell his bread as the plaintiff's, and that diminishes the plaintiff's business and the gains to which he is justly entitled by priority in the introduction here of bread called by him Vienna bread, and in the use of a label first designed by him with appropriate marks and words to designate his article. This conclusions condemn the general practice of the defendant in so far as his label is an imitation of plaintiff's. It requires no argument to show the defendant's intention. His design is self-evident. Men are supposed to intend the consequences of their actions. It is, however, suggested by defendant's counsel that the plaintiff can have no exclusive right to the use of the word "Vienna," the name of the capital of Austria, as a trade-mark. That suggestion, under the facts of the case, I cannot adopt. The plaintiff and his assignor were the first to use it here or elsewhere to distinguish a manufacture of bread. As a mark for bread it is purely arbitrary, and it is in no manner descriptive, either of the ingredients or quality of the article.

The plaintiff, an Austrian, from Vienna, residing and manufacturing bread in this country, has clearly a right to call it, by way of distinction, "Vienna bread." By the use of the word "Vienna" in that connection no deception is practiced, because the place of its manufacture is given and it is known that bread cannot be imported from abroad for use here. The plaintiff has the same right to do that as the makers of shirt collars had to call their article "Bismark collars" (*Messerole* agt. *Tynberg*, 4 *Abb.* [*N. S.*], 410). I presume that a baker in Paris or Vienna could manufacture bread there and intro-

Fleischmann agt. Schuckmann.

duce it under the name of "New York bread" and use it arbitrarily, and be protected under the laws of their country if he was first to apply "New York" in such connection.

I do not think it important to refer in detail to the cases cited by the counsel on the bearing of the case.

That the plaintiff is entitled to protection in the use of his label and to the exclusive use of the word "Vienna" in connection with the manufacture and sale of baked articles, appears to me so clear that a denial thereof would be contrary to justice (*McAndrew* agt. *Bassett*, 10 *Jurist* [*N. S.*], 550; *Newman* agt. *Alvord*, 51, 189).

It is objected that the plaintiff's label contains a misstatement with respect to a patent being "applied for." I find no evidence of any untruthfulness in this regard. He did apply for a patent but was unsuccessful, the word "Vienna" having already been secured by letters to his predecessor. Some of the old labels were used afterwards, but in the later labels, these words have been dropped.

There should be judgment for the plaintiff restraining the defendant from using his label in imitation of the plaintiff's, and in particular from applying the word "Vienna" to baked articles.