MOXIE NERVE FOOD Co. *v.* BEACH *et al.*   SAME *v.* TUTTLE *et al.*   SAME *v.* FAIRBANKS *et al.*   SAME *v.* SMITH, (two cases.)   SAME *v.* CLARK *et al.*   SAME *v.* HARLAN *et al.*   SAME *v.* DUNN *et al.*

*(Circuit Court, D. Massachusetts.   January 2, 1888.)*

TRADE-MARK—INFRINGEMENT—NERVE FOOD.
   On motion for a preliminary injunction to restrain defendants from an imitation of plaintiff's labels, bottles, and wrappers, *held*, that where it appears that the imitation of the labels, bottles, and wrappers, together with the use of the word "Nerve Food," as used by plaintiff, was such an imitation as to deceive the public as to the identity of the contents of the bottles, an injunction should issue.

In Equity.   On motion for a preliminary injunction.
   *George F. Richardson, M. F. Dickinson,* and *H. R. Bailey,* for complainants.
   *Charles Robinson, Jr., Rodney Lund, A. E. Pillsbury, J. H. Lange,* and *H. F. Naphen,* for defendants.

COLT, J.   The above cases were heard together on motions for a preliminary injunction.   The complainant manufactures and sells a beverage called "Moxie Nerve Food," and it seeks to restrain these defendants from the use of its trade-mark and from an imitation of its labels, bottles, and wrappers.   The registered trade-mark of complainant is simply the word "Moxie."   The complainant insists, however, that it is also entitled to a trade-mark in the words "Nerve Food."   It appears from the evidence that these words had been previously applied in several cases to medicinal compounds, but never before to a beverage.   All of the defendants use the term "Nerve Food" on their labels.   In cases Nos. 2,394, 2,395, and 2,401 the defendants call their article the "Standard Nerve Food."   In the other cases the defendants term it "Imperial," or "East India," or "Excelsior," or "Noxie Nerve Food."   The evidence shows that these defendants sell their preparations for the genuine Moxie Nerve Food made by the complainant.   In the labels, bottles, and wrappers there is an evident attempt on the part of the defendants to imitate those used by the complainant.   Some of the labels are closer imitations than others.   In two cases the defendants go so far as to adopt the name "Noxie" in place of "Moxie."   In several cases Appollinaris bottles are used in place of the Moxie champagne bottles.   But it does not seem to

me important to closely analyze the different labels or bottles used by defendants, because I am satisfied that the labels, wrappers, and bottles of all the defendants bear so close an imitation to those of complainant that the public are deceived in consequence, and that, therefore, the injunction prayed for should be granted. I do not place this decision on the ground of infringement of the registered trade-mark in the word "Moxie," though that might be said of the two cases in which the defendants use the word "Noxie;" nor do I decide that the complainant is entitled to be protected in the exclusive right to the words "Nerve Food" as applied to a beverage, but the conclusion I have reached is put upon the ground that these defendants, for the purpose of deceiving the public, have imitated to such a degree the labels, bottles, and wrappers of the complainant, that they should be enjoined. The fact that the defendants Beach and Clarridge make the labels and wrappers, and sell them to others for a wrongful purpose, does not relieve them from liability. *De Kuyper* v. *Witteman*, 23 Fed. Rep. 871.

In *Nerve Food Co.* v. *Baumbach*, 32 Fed. Rep. 205, (Nov. 1, 1887,) in the circuit court for the Eastern district of Texas, Judge SABIN, in an exhaustive opinion, held that the complainant was entitled to a preliminary injunction. In that case the labels, etc., were those made by the defendants Beach and Clarridge, in case No. 2,394.

A preliminary injunction is granted in each of the above cases.