(25 Misc. Rep. 20.)

## W. A. GAINES & CO. v. LESLIE et al.

(Supreme Court, Special Term, New York County.   October, 1898.)

1. **TRADE LABELS—UNFAIR COMPETITION—FRAUD.**

   In an action for an injunction based on the theory of unfair competition in using a certain label on bottled whisky, and not on the theory of an infringement of a trade-mark, fraud must be affirmatively shown, where the labels used by defendants are totally dissimilar from those of plaintiff's in lettering and in general appearance.

2. **SAME—EVIDENCE TO SHOW RIGHT OF TRADE-MARK.**

   Evidence that the words "Old Crow" have been used for many years by plaintiff and by his predecessors in business, as the mark of their brand of whisky, purporting to be the brand originally taking its name from one James Crow, a distiller employed some 60 years ago in a distillery located near to or on the site of plaintiff's present "Old Crow" distillery, and that plaintiff has succeeded directly to the rights of the original distiller of such whisky, is prima facie sufficient to show plaintiff's right of trade-mark in the words "Old Crow."

3. **SAME—TRADE-MARK—"OLD CROW" WHISKY.**

   The use of the word "Crow" on a label of a whisky called "White Crow" is an infringement on the existing trade-mark of "Old Crow," as used on plaintiff's brand of whisky first distilled by a man named Crow.

4. **SAME—PLEADINGS—VARIANCE.**

   In an action for infringement of a trade-mark, plaintiff's failure to prove the registration of his trade-mark, as alleged in the complaint, is not fatal to his recovery, where the allegations of the complaint are broad enough to admit of proof of the trade-mark as existing through exclusive use, and defendants do not assail the method of proof adopted, by motion for dismissal for variance or otherwise, and where, assuming the variance, defendants fail to offer any proof to controvert the existence of the trade-mark, as a matter of fact.

5. **PARTNERSHIP—EVIDENCE—THIRD PERSONS.**

   The fact that the name of one who had ceased to be a partner before the matter in controversy arose appeared on the firm's billheads apparently as that of partner, at the time when the action at bar was insti

tuted, is insufficient to bind such person as a partner, where no elements of estoppel sufficient to establish a partnership as to third parties are involved.

Action by W. A. Gaines & Co. against William M. Leslie and others. Decree for plaintiff.

Wise & Lichtenstein, for plaintiff.

J. Woolsey Shepard, for defendants.

BISCHOFF, J.   Equitable relief is sought in this action, according to the allegations of the complaint, upon either of two grounds: (1) That the defendants' acts in adopting and applying to their whisky a label bearing the words "White Crow" constitute an actual infringement upon the plaintiff's existing trade-mark "Old Crow"; or (2) that, if a technical violation of a trade-mark be not established, the use by the defendants of their "White Crow" label should be held to amount to an unfair method of business competition, a fraudulent endeavor to deceive the public through the adoption of a form of package similar to that in which a better known article is customarily exposed for sale, and, as such, restrained.

So far as the action proceeds upon this alleged unfair competition, it must certainly fail.   The labels used by the respective parties are totally dissimilar in lettering and in general appearance, and no proof has been given from which a fraudulent intent upon the defendants' part could be inferred.   An action of this character is founded upon fraud, and proof of the fraudulent nature of the defendants' act must be furnished, except where the similarity of the labels is so striking as to raise a presumption of fraudulent intent, without more.   Day v. Webster, 23 App. Div. 602, 49 N. Y. Supp. 314; McLoughlin v. Singer, 33 App. Div. 185, 53 N. Y. Supp. 342.   No person who was at all familiar with the appearance of the plaintiff's brand of whisky could be deceived into the idea that the defendants' product was the same from an inspection of the label upon the latter, even at a considerable distance, and we may, therefore, eliminate from consideration the question of unfair competition, as plaintiff's counsel appears to concede.

I think, however, that the action is properly brought for the invasion of the plaintiff's property rights in the words "Old Crow," as possessed by it and applied to its whisky in the form of a trade-mark.   Here the question of the infringing party's intent is immaterial (Day v. Webster, supra), and so, also, it may be said, of actual proof that intending purchasers have been deceived (Vulcan v. Myers, 139 N. Y. 367, 34 N. E. 904).   The injury is based upon the defendants' attempted taking of a particular form of mark, or designation, to the exclusive use of which the plaintiff has a right, and upon the presence of which designation the public have come to rely when attempting to purchase the plaintiff's product.   Sufficient proof, prima facie, has been furnished to establish the fact that the plaintiff has a property right in these words "Old Crow," as applied to whisky, and the defendants have not attempted to controvert the fact, nor is any affirmative defense set up.   It appears that these words have been used for many years by the plaintiff, and its predecessors in

business, as the mark of their brand of whisky, purporting to be the brand originally taking its name from one James Crow, a distiller employed some 60 years ago in a distillery located near to or upon the site of the plaintiff's present "Old Crow" distillery in the state of Kentucky. Certain evidence, received without objection upon the trial, would tend to show that the plaintiff has succeeded directly to the rights of the original distillers of this "Crow" whisky, and, in any event, I think that the prima facie case, as to title, is supported by the reasonable inference, to be drawn from the evidence, that, if the original distillers had a right to trade-mark in the word "Crow," the right was abandoned to this plaintiff, or to its predecessors, and that their privilege to use the word became fixed, through general acceptance, in the course of succeeding years.

Having, then, a right of trade-mark in the words "Old Crow," the plaintiff may properly be heard to complain that the defendants' use of the word "Crow," the word which is peculiar to, and the more distinctive of, that trade-mark, is an act of infringement, for such it is, under the adjudged cases. It is to be borne in mind that the question is not of a trade-mark claimed in a symbol. Here the property right is claimed, and is sufficiently shown to exist, in a particular word which, with regard to the product to which it is applied, is distinctive and peculiar. In the case of a symbol, merely, an imitation, to amount to an infringement, must be fairly exact, but, in the case of a distinctive word, the use of the word itself, in any form, by a competitor, is a violation of the right of the trade-mark. Hier v. Abrahams, 82 N. Y. 519. As was said by Rapallo, J., in the case cited: "Where the trade-mark consists of a word, it may be used by the manufacturer who has appropriated it, in any style of print, or on any form of label, and its use by another in any form is unlawful. * * * The goods become known by the name or word by which they have been designated." This rule applies whether the distinctive word is used alone or together with another (Lauferty v. Wheeler, 63 How. Prac. 488); and it has operated for the protection of the possessor of the trade-mark in numerous cases where the matters involved were of practical identity with those in the case at bar (Pike Mfg. Co. v. Cleveland Stone Co., 35 Fed. 896; Walker v. Mikolas, 79 Fed. 955; Fleischmann v. Schuckmann, 62 How. Prac. 92; Edelsten v. Edelsten, 7 Law T. [N. S.] 768; Seixo v. Provezende, 14 Law T. [N. S.] 314).

I do not think that the plaintiff's failure to prove the registration of this trade-mark can affect the case, although the fact of registration was alleged in the complaint. The allegations, generally, were broad enough to admit of proof of the trade-mark as existing through exclusive use, and the defendants at no time upon the trial assailed the method of proof adopted. No motion for dismissal, based upon a variance between the pleadings and proof, was made, and, even assuming the variance, still it is difficult to see in what manner the defendants were prejudiced, since they did not offer any proof to controvert the existence of the trade-mark as a matter of fact.

As to the defendant Trott, the complaint should be dismissed, it appearing that he is not a partner of the defendants Leslie, and

therefore not responsible for the acts of the firm in issuing the in-fringing labels. The fact that his name appeared upon the defend-ants' billheads, apparently as that of a partner, at the time when the action was commenced, has no great significance to the present question, since no elements of estoppel, sufficient to establish a partner-ship as to third parties, are involved in the case. It is shown that he ceased to be a partner, actually, prior to the time when the matter in suit arose, and the fact must control. The dismissal is to be with-out costs, the joinder of this party having been justified by his ap-parent connection with the firm.

Plaintiff is entitled to a decree enjoining the further use by the defendants Leslie of the label in suit, and any label bearing the word "Crow" as a part of the name or description of whisky sold by them, with costs. Ordered accordingly.