## HANSEN v. SIEGEL-COOPER CO. et al.

(Circuit Court, S. D. New York. April, 1900.)

TRADE-NAMES—DESCRIPTIVE WORDS— APPLICATION TO DIFFERENT ARTICLE.

Complainant manufactured, sold, and advertised a preparation of rennet under the name "Junket Tablets," used in making a food or delicacy called "Junket." The word "Junket," while recognized in the English language as the name of the food, had never been previously used as applied to rennet or any preparation thereof, and, through its use by complainant in the name of his preparation, had acquired a secondary meaning as identifying his goods. *Held*, that he was entitled to an injunction against the use by defendant, a later manufacturer, of the name "Junket Capsules" for a similar preparation put up in capsules, but that defendant had the right to designate his preparation as for use in making Junket, provided the word was given no greater prominence than the rest of the designation.

In Equity. Motion for preliminary injunction against the use of the word "Junket." The complainant sells "Junket Tablets"; the defendants, "Junket Capsules."

F. P. Fish, J. J. Storrow, and Charles Neave, for complainant.
Walter K. Griffith and Edward A. Isaacs, for defendants.

LACOMBE, Circuit Judge. The principle laid down in the Matzoon Cases (Dadirrian v. Yacubian, 98 Fed. 872, 39 C. C. A. 321), is not controlling, because the name used to identify complainant's preparation of rennet is not, and never was, a name applied in any country to rennet, or to any preparation thereof. The dictionaries cited by defendant (Century, Standard) show that the word "Junket" was recognized in the English language, meaning a sweetmeat or cream cheese, or a delicacy made of curds, flavored and served with cream; also a drink made of cream, rennet, spice, and spirits. In view of the fact that rennet is used in the preparation of "Junkets," the use of the phrase "Junket Tablets," as applied to rennet preparations, may be to a certain extent regarded as descriptive; but evidently the advertisements and demonstrations of complainant have given to the word "Junkets" a secondary meaning, associated with the goods of complainant. The case seems to be entirely within the rules laid down in recent authorities. Thread Co. v. Armitage, 21 C. C. A. 178, 74 Fed. 936; Walter Baker & Co. v. Sanders, 26 C. C. A. 220, 80 Fed. 889; Reddaway v. Banham [1896] App. Cas. 199 (Camel-Hair Belting Case); Brinsmead v. T. E. Brinsmead & Sons, 13 Times Law R. 3; American Waltham Watch Co. v. U. S. Watch Co., 173 Mass. 85, 53 N. E. 141, 43 L. R. A. 826. There is no contention that the complainant's mode of putting up has been copied or simulated. Indeed, inspection of the packages shows that in that respect there has been perfectly fair trading. Injunction will issue, therefore, only against the marking, advertising, selling, and offering for sale of the goods as "Anker's Junket Capsules," or "Anker's Junket Tablets," or "Anker's Compressed Junkets," or under any similar designation. The injunction, however, will contain the following clause: "This injunction shall not be construed to prevent the defendant from marking, advertising, selling, and offering for sale under the designation 'Anker's Capsules for Making Junket,' or under any similar designation, provided there be nothing in the location, type, coloring, etc., of the word 'Junket' to give it any greater prominence than the rest of the designation."