**STIX, BAER & FULLER CO. v. ALFRED J. SWEET CO.**

No. 8924.

Circuit Court of Appeals, Eighth Circuit.

April 6, 1931.

Ralph Kalish, of St. Louis, Mo., for appellant.

Marston Allen, of Cincinnati, Ohio (Allen & Allen, of Cincinnati, Ohio, and Hugh K. Wagner, of St. Louis, Mo., on the brief), for appellee.

Before STONE and BOOTH, Circuit Judges, and DEWEY, District Judge.

STONE, Circuit Judge.

This is an action for infringement of a trade-mark on shoes and for unfair competition. From a decision favoring complainant, the defendant brings this appeal.

We place our decision upon unfair competition and notice the matter of trade-mark only so far as it sheds light upon the other issue. The registered trade-mark here involved was "Ye Olde Tyme" in a particular arrangement of old English type and was applicable to leather boots and shoes. The registration was made January 9, 1912. The evidence shows that there is a class of shoes manufactured for women which is known in the trade as "Comfort" shoes. In connection with this class of shoe, appellee has, for many years, used this trade-mark in combination with the word "comfort" and has long designated that class of its products as "Ye Olde Tyme Comfort" shoes. Under this arrangement and designation, that class of its shoes has become known to the retail trade and customers and has been extensively advertised for some time.

For some time, appellant, which is a retail department store, had handled these shoes of the appellee in its shoe department and sold them to the public under the above designation. In the course of its business, appellant ceased purchasing these shoes from appellee replacing them with another "comfort" shoe made for it by another manufacturer and upon which it stamped the name "All Time Comfort" and which were designated by that name. These shoes were to meet the same character of custom and were sold in the same place where it had shortly ceased selling the shoes of appellee.

The evidence seems to show that appellant adopted its mark or trade-name on an occasion and under circumstances when confusion would likely arise and, also, that the choice of such a brand was, in part, to satisfy an existing demand for shoes of the appellee formerly sold there by appellant. It seems clear that customers, who had formerly bought appellee's shoes from appellant, would naturally and could easily be misled into thinking that they were buying the same kind of shoes (made by appellee) which they had formerly bought. It is hardly to be supposed that customers buying this sort of article would be very much impressed by the particular form or arrangement of type in the expression "Ye Olde Tyme," or any spelling or any designation or mark on the shoes themselves. Shoes would be called for by the name "Ye Olde Tyme" or "Old Tyme," and "All Time Comfort" is easily confusible in sound with "Ye Olde Tyme Comfort." The probable result under the circumstances here leads strongly to the conclusion that appellant adopted these particular words in its new name for the purpose of holding the trade it had established on the former brand. At any rate, the result, intentional or unintentional, is the same.

Instances of similar sounding trade-names which have been deemed unfair competition are Ceresota and Certosa (Northwestern C. Mill Co. v. Callam [C. C.] 177 F. 786); Mellwood and Millwood (Mellwood Dist. Co. v. Harper [C. C.] 167 F. 389); Sapolio and Sopono (Enoch Morgan's Sons Co. v. Ward, 152 F. 690, 12 L. R. A. [N. S.] 729 [C. C. A. 7]); Home Brand and Home Comfort (Griggs, Cooper & Co. v. Erie Preserving Co. [C. C.] 131 F. 359); Junket Capsules and Junket Tablets (Hansen v. Siegel-Cooper Co. [C. C.] 106 F. 691); Iwanta and Uneeda (National Biscuit Co. v. Baker [C. C.] 95 F. 135); Clark's N-E-W and Clark's O. N. T. (Clark Thread Co. v. Armitage, 74 F. 936 [C. C. A. 2]); Improved Fig Syrup and Syrup of Figs (Improved Fig Syrup Co. v. Calif. Fig Syrup Co., 54 F. 175 [C. C. A. 9]); Noxie and Moxie (Moxie Nerve Food Co. v. Beach [C. C.] 33 F. 248); Cellonite and Celluloid (Celluloid Mfg. Co. v. Cellonite Mfg. Co. [C. C.] 32 F. 94); Hostetter and Smith and Holstetter and Smyte (Hostetter v. Vowinkle, Fed. Cas. No. 6,714); Crown Malt and Creamalt (George G. Fox Co. v. Glynn, 191 Mass. 344, 78 N. E. 89, 9 L. R. A. [N. S.] 1096, 114 Am. St. Rep. 619); Rexall and Rex (Regis v. Jaynes, 185 Mass. 458, 70 N. E. 480); the Vulcan and the Vulture (Aktiebolagat Taendsticksfabriks Vulan v. Myers, 139 N. Y. 364, 34 N. E. 904); Excellent and Excelsior (Volger v. Force, 63 App. Div. 122, 71 N. Y. S. 209); the Grocer and the American Grocer (American Grocer Pub. Ass'n v. Grocer Pub. Co., 25 Hun [N. Y.] 398); Old Crow and White Crow (Gaines v. Leslie, 25 Misc. Rep. 20, 54 N. Y. S. 421). In the present case there is as great similarity of names as in the above cases.

The decree should be, and is, affirmed.