(68 App. Div. 137.)

### DUNLAP & CO. v. YOUNG.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

1. TRADE-MARKS—DESIGN—INFRINGEMENT.

Plaintiff's trade-mark, consisting of two fields united by a bar wider in the middle than at its ends, and of a maltese cross, with a stag's head on its face, placed over the bar, was infringed by a trade-mark of two fields joined by a bar, precisely similar in outlines to plaintiff's, only it was inverted, and had above the bar an enlarged stag's head, without the maltese cross.

2. SAME—NAMES.

It was immaterial, as affecting the question of infringement, that the respective trade-marks bore the respective names of the plaintiff and defendant.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Dunlap & Co. against William Young. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John H. Hull, for appellant.
Frank X. McCaffry, for respondent.

McLAUGHLIN, J. This action was brought to procure a judgment restraining the defendant from using in hats manufactured or

sold by him a trade-mark alleged to belong to the plaintiff, and for an accounting of profits realized from sales theretofore made. Upon the trial, at the close of the evidence, the complaint was dismissed, the learned trial justice being of the opinion that the plaintiff had failed to establish that the trade-mark used by the defendant was similar to the one used by the plaintiff, or that a person using reasonable care could or would be deceived by it in any way. After a careful consideration of all of the evidence, we are unable to agree with this conclusion. On the contrary, we think it is a clear case of infringement, and that the defendant's device was adopted and used by him for the purpose of misleading and .deceiving purchasers. There is little dispute as to the facts. The evidence introduced upon the trial tended to establish that the plaintiff's predecessor in business, one Robert Dunlap, prior to 1867, adopted a trade-mark to be used in hats manufactured or sold by him, and which, in 1871, was registered under the United States statutes; that this trademark was subsequently acquired by the ·plaintiff, and it, in 1896, also registered the same. It was described as follows:

"The trade-mark of said company consists essentially of a design of two fields united by a bar, which bar is made wider at its central part than at its ends, where it is joined by said fields; and of a maltese cross, with a stag's head on its face, placed over the bar."

It also appeared that prior to 1885 the defendant commenced· to use in hats manufactured or sold by him a device which closely resembled that used by plaintiff's predecessor; that this trade-mark consisted of two fields united by a bar wider at the center than at the ends, the outline being precisely similar to the one used by the plaintiff, only it was inverted. Above the bar was a maltese cross and a horse's head substituted for the stag's head. Some time during the year last mentioned defendant's attention was called to the fact that the trade-mark adopted by him was an infringement of the one adopted and used by R. Dunlap & Co. This the defendant seems to have conceded, because he thereupon altered his trade-mark by eliminating the maltese cross, and substituting in its place an enlarged stag's head; but he retained the two fields joined by a bar, and this he continued to use until this action was brought. A comparison of the two trade-marks—the one used by the plaintiff with the one used by the defendant—cannot fail to convince the most casual observer that the oné used by the defendant is similar to and closely resembles the one used by the plaintiff, and to such an extent that it can hardly fail to mislead or deceive purchasers. In the trade-mark of the defendant we have the bar enlarged in the center, and joined at its ends with two fields. We also find the same number of points or projections upon each field that are upon the plaintiff's. The length and width are identical, and the general appearance is the same. When the maltese cross was dropped, then the defendant substituted in its place a stag's head, which is a part of the plaintiff's trade-mark, and thus the essential features of the trade-mark were preserved and imitated. The defendant practically concedes the similarity in appearance of the two devices, but he insists that, inasmuch as the word "Dunlap"

appears upon the trade-mark used by the plaintiff, while the words "Young & Co." appear on that used by the defendant, the public is not deceived by the use, and therefore the plaintiff cannot maintain the action. There is no force in this suggestion. It is not of the name used of which the plaintiff complains, but of the trademark itself; that is, the device adopted by which the goods manufactured and sold by the plaintiff can be distinguished from those manufactured and sold by other dealers. It is undoubtedly true that one who could and would read the name upon the trade-mark used by the defendant would not be deceived, but that is no answer to the suggestion that the trade-mark itself is intended to represent the one used by the plaintiff, and that the ordinary purchaser might be misled by it. Indeed, it is apparent from a bare inspection of the two trade-marks that illiterate or unobserving purchasers might, and usually would, be misled. The general appearance of the trademark itself would be more likely to attract their attention than the name printed upon its face. The addition of the defendant's name to the trade-mark adopted by the plaintiff does not render the unauthorized use of such trade-mark any less an infringement. Menendez v. Holt, 128 U. S. 521, 9 Sup. Ct. 143, 32 L. Ed. 526; Gillott v. Esterbrook, 47 Barb. 455; Boardman v. Meriden Britannia Co., 35 Conn. 403, 95 Am. Dec. 270. The true test as to whether or not there is an infringement is whether the resemblance is such that it is calculated to, and may in fact, deceive an ordinary buyer making his purchase under ordinary conditions. Fischer v. Blank, 138 N. Y. 244, 33 N. E. 1040; Anargyros v. Cigarette Co., 54 App. Div. 345, 66 N. Y. Supp. 626. The right to maintain the action does not depend upon the fact that a deception has actually taken place, but, if the resemblance is such that one is liable to be deceived, this is sufficient. In Taendsticksfabriks Aktiebolagat Vulcan v. Myers, 139 N. Y. 364, 34 N. E. 904, the court held that:

"In an action to restrain the use of a trade-mark it is not necessary for plaintiff to show that any person has actually been deceived by defendant's alleged imitation. It is sufficient for him to show his proprietary right to the trade-mark, and that defendant is selling similar goods in packages having upon them marks and characters bearing a resemblance sufficiently close to those adopted by plaintiff for his trade-mark to deceive the public. It is the liability to injury which the remedy may be invoked to prevent."

When this test is applied to the facts established by the evidence in the record before us, but one conclusion can be reached, and that is that the defendant's trade-mark is an infringement of the plaintiff's.

This conclusion renders it unnecessary to pass upon the other questions raised by the appellant, but it may not be out of place to say as to the extra allowance granted that there was no basis upon which such allowance could be made. System Co. v. Loeser (Sup.) 17 N. Y. Supp. 786.

The judgment therefore must be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur, except VAN BRUNT, P. J., who dissents.