BOKER et al. v. KORKEMAS et al.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

TRADE-MARKS—UNFAIR COMPETITION—TEMPORARY INJUNCTION.

In an action to enjoin defendants from imitating plaintiffs' trade-marks, styles of packing and of labeling boxes, evidence *held* sufficient to establish a prima facie case of infringements, calculated to produce unfair competition, entitling plaintiffs to a temporary injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trade-Marks and Trade-Names, § 106.]

Appeal from Special Term.

Action by Justus Boker and another to enjoin Richard Korkemas and others from imitating plaintiffs' trade-marks and insignia. From an order of the Special Term, denying their motion for an injunction pendente lite, plaintiffs appeal. Reversed and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Antonio Knauth (Otto v. Schrenck, on the brief), for appellants. Maurice M. Greenstein, for respondents.

LAUGHLIN, J. The plaintiffs and the defendant Korkemas are competitors in the business of manufacturing and selling razors. The defendant Ganim is manager of the business of the defendant Korkemas, and the defendant Berkele manufactures razors for the defendant Korkemas, which it is claimed are made in imitation of the plaintiffs' trade-marks and trade insignia. The action is brought to enjoin the defendants from imitating the trade-marks and trade insignia of the plaintiffs, and their styles of packing razors and of labeling the boxes in which they are exhibited for sale.

In the year 1884 the plaintiffs or their predecessors in business adopted the figure of a tree as a trade-mark for their razors, and in 1893 they further adopted a cut or representation of certain of the World's Fair buildings at Chicago, together with the words, "World's Columbian Exposition, Chicago, 1893," and have ever since used both

as trade-marks on their razors and on the cases in which the same are packed. The defendants well knew these facts, and frequently during the four years immediately preceding the commencement of the action the defendant Korkemas, who was conducting business under the name of T. Mansour Son & Co., purchased and sold razors manufactured by the plaintiffs. About nine months prior to the commencement of the action the defendant Korkemas employed the defendant Berkele to manufacture a new razor, which he intended to and did introduce to the trade. This action is brought upon the theory that the new razor was designed and prepared for the trade in imitation of the razors manufactured by the plaintiff, and with a view to deceiving purchasers and leading them to believe that the new razor is manufactured by the plaintiffs. Upon casual observation, there is a general resemblance between the razors in size and in color of both handles and blades. The blade of each is plain and uninscribed on one side, excepting that on the razors manufactured by the plaintiffs the word "Germany" is engraved in small letters on the heel of the blade. On the other side, on the heel of the razors manufactured by the plaintiffs, are inscribed or stamped "H. Boker & Co." and a tree, and on the blade is an etching of World's Fair buildings under which appear the words "World's Columbian Exposition, Chicago, 1893," and on the razors manufactured by the defendants in corresponding positions, respectively, appear "H. Berkele" and a branch of a tree or shrub or stem of a flower, which, without close observation, resembles a tree, and on the blade an etching of a World's Fair building with the words "World's Fair Building" underneath the same. The single cases are both maroon colored, but of a different shade, and, although plaintiffs' is slightly larger, in general appearance the designs are quite similar. The ends and edges are plain, but on one side of each is a reproduction of the World's Fair building picture, together with the inscription thereunder, and the words "Trade-Mark" with the respective trade-marks the same as etched on the razor inclosed therein in positions corresponding, the coloring being in gilt of a slightly different shade. Above one end of the building on the plaintiffs' small razor case are the figures "1492" and above the other end the figures "1892," and the word "Germany" is inscribed crosswise of the case, all in the same colored gilt lettering as the building. In a scroll over one end of the building on defendants' razor case is the word "Silver," and over the other end the word "Steel," in the same colored lettering as the building. On the reverse side of each case, and in corresponding positions on the short end with scroll work above and below, quite similar in appearance and in large letters and figures of the same size, running somewhat diagonally from the bottom toward the top of the case, are the words "Price $4.00"; and on the same side of the long end of the one case are the words "H. Boker & Co.," and on the other, in a corresponding position, the words "H. Berkele," and underneath the same appears "No. 362." The razors are wrapped in the same manner in oil paper of a somewhat different color, and inclosed with each is a circular of instructions, and that of the defendants is almost a verbatim copy of plaintiffs, and the circular has the same general appearance. The

single cases are packed in larger cases or boxes containing six razors. These boxes are the same general color, but that in use by the plaintiffs is a little the larger. They are perfectly plain, excepting that on top and on a corresponding end each has a label. The labels are similar in size and quite similar in appearance. The label on the end of the large case or box used by the plaintiffs has in each upper corner the figure of a tree and five lines of print, as follows:

H. Boker & Co.'s
Chicago
World's Fair
Razor.
½ Doz. 632

The label on the end of the other large case or box contains what appears on close inspection to be the figure of a flower, but on a view from a little distance it resembles the end of a branch of a tree, and also five lines of printing as follows:

H. Berkele
World's Fair
Building
Razor
½ Doz.

Each label on the top of the large case or box contains a white margin outside of dark lines which form a frame work inclosing printed matter and figures on a dark background with fanciful designs. Near the upper end of plaintiffs' label are printed the words "Made in Germany" in comparatively small type. The other label contains a Grecian border, and no printing at the corresponding place. In the upper part of the plaintiffs' label, on a white scroll, appear the words "Trade-Mark," with the figure of a tree between them. In the corresponding position on the other label and on a similar scroll appear the word "Trade," and underneath it a rose, below which is the word "Mark." Each label has two bands running diagonally across it, at about the same angle and of about the same width and design and in corresponding positions; the words "H. Boker & Co.'s" being printed on the upper band on the plaintiffs' label and the word "Razors" on the lower band, and on the corresponding bands on the other label are the words "H. Berkele" and "Razors," and, excepting that one is in heavier type, the only apparent difference is that the word "Razors" on one is printed in dark and on the other in red type. Printed in large type across each label on lines parallel to the top in corresponding positions are five lines as follows: On plaintiffs' label:

Unrivalled
Tree Brand
Cutlery
Warranted
½ Doz. 632

And on the other:

Unexcelled
Rose Brand
Cutlery
Warranted
½ Doz.

—the lines being nearly an inch apart.

The size of type, position of words, color of type and background, excepting the background on which the word "Tree Brand" is printed, which is of a different color, are substantially the same. The plaintiffs' label contains the figure of the end of a long slender branch of a tree, extending more than three-quarters of the length of the label and a distance of more than four inches, and the other label contains what is said to be the stem of a rose of practically the same length and in a corresponding position. A difference between the two razor cases and labels is readily discernible on an inspection and comparison of the two, after one's attention has been drawn thereto, but, seeing either alone, on ordinary inspection, it would readily be taken for the other.

It is possible that the razor cases and labels manufactured by the defendants could have been designed without knowledge of the plaintiffs' razors or cases or labels, but they are so similar that this is highly improbable, and, in view of the fact that the defendants were familiar with the razors manufactured by the plaintiffs and with their trademarks and labels, the inference is strong that the designer of the razor manufactured by the defendant Berkele and of the cases and labels virtually copied or at least endeavored to imitate the same and succeeded fairly well. The plaintiffs' moving papers establish a prima facie case of infringements of their trade-mark and imitation of their labels calculated to produce unfair competition, and they should have been awarded a temporary injunction. T. A. Vulcan v. Myers et al., 139 N. Y. 364, 34 N. E. 904; Saxlehner v. Eisner, 179 U. S. 19, 33, 21 Sup. Ct. 7, 45 L. Ed. 60; Dutton & Co. v. Cupples, 117 App. Div. 172, 102 N. Y. Supp. 309.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.