### LUYTIES BROS. v. E. ZIMMERMANN & CO.

(Supreme Court, Appellate Division, First Department.   March 8, 1912.)

TRADE-MARKS AND TRADE-NAMES (§ 57*)—ENJOINING INFRINGEMENT. ·

To justify enjoining the use of a label claimed to be an imitation of plaintiff's label, it is not necessary that plaintiff's label should be copied; it being sufficient if the resemblance is such that it is calculated to deceive the ordinary purchaser, under the conditions generally prevailing.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 65;  Dec. Dig. § 57.*]

Appeal from Special Term, New York County.

Action by Luyties Bros. against E. Zimmermann & Co.   From an order denying an injunction pendente lite, plaintiff appeals.   Reversed, and injunction granted.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

George W. Tucker, Jr., for appellant.
Abraham Benedict, for respondent.

SCOTT, J.   The label adopted by the defendant presents a typical case of fraudulent imitation of the label long used by plaintiff, and is none the less fraudulent and objectionable because its separate features, when examined in detail, are not found to be copies of the corresponding features in plaintiff's labels.   The designer of the defendant's label certainly displayed great ingenuity in producing a label which would closely resemble, without actually copying, plaintiff's label; but, to justify the interposition of equity, it is not necessary that a label should be copied.   It is sufficient that the resemblance is such that it is calculated to deceive the ordinary purchaser, under the conditions generally prevailing in the particular traffic to which the controversy relates.   Vulcan v. Mayers, 139 N. Y. 364, 34 N. E. 904;  Fischer v. Blank, 138 N. Y. 244, 33 N. E. 1040;  Anargyros v.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Egyptian Cigarette Co., 54 App. Div. 345, 66 N. Y. Supp. 626; Dutton & Co. v. Cupples, 117 App. Div. 172, 102 N. Y. Supp. 309.

There is so little doubt about the defendant's label that its use should be enjoined at once, without awaiting the result of a trial. The other features of defendant's bottle of which complaint is made are not so obviously unlawful as is the label, and the question of enjoining the use of them, or any of them, may well be left to be determined upon the trial. If the use of the label be discontinued, the other features, standing alone, may not be found to be objectionable.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion for an injunction pendente lite granted, to the extent above indicated. Settle order on notice. All concur.