FREVERT MACHINERY COMPANY, Plaintiff, *v.* HOLLANDER MACHINERY COMPANY, a Corporation; SAMUEL HOLLANDER, ADOLPH HOLLANDER and SAMUEL MARION, Defendants.

(Supreme Court, New York Special Term, July, 1919.)

Trade marks — similarity of — evidence — when motion for injunction granted.

Where it is admitted that the design of plaintiff's trade mark, which was adopted in 1907, is identical with that of defendants' trade mark adopted about January, 1919, and the court is satisfied that the character of the lines and the arrangement of the words are the same in both trade marks, plaintiff's motion for an injunction restraining defendants, its competitors in trade, from placing upon their own goods any imitation of plaintiff's trade mark and label will be granted on the ground that any such use would be a palpable invasion of plaintiff's rights.

It is no defense to the motion that there was an absence of proof that any one had been deceived by the similarity in the two trade marks.

MOTION for an injunction.

Jay Noble Emlcy, for motion.

David P. Siegel, opposed.

LUCE, J.   This is a motion " for an order restraining the defendants, their servants and agents, from placing or causing to be placed upon their tools and machinery any imitation of the plaintiff's trade mark and label," etc.   Plaintiff and defendant are both in the same line of business with the exception that plaintiff deals in both new and second-hand machinery, whereas defendant deals solely in second-hand machinery.   It appears that plaintiff's trade mark was adopted in 1907, and that the trade mark of defendant was adopted by it about six months ago.   The papers before the court show that the plaintiff and its predecessor in interest have extensively advertised the said trade mark through catalogues and otherwise through the mails for a great number of years, and its trade mark is generally known to the machinery trade.   It also appears that the plaintiff has had manufactured for it and sold under its own name and trade mark hand power traveling cranes and polishing machines, and that all machines and tools sold by it have borne this trade mark.   By the affidavit of one Cotton, a customer of plaintiff's, it appears: " My sole guidance in buying machinery, either new or second hand, is by reason of the Frevert Machinery Company trade mark, and I am not primarily concerned with the name or make of the machinery.   In fact, I have bought machines irrespective of the maker, simply because the trade mark of the Frevert Machinery Company appeared on the machinery and tools."   In the affidavit of one Robidoux, another customer of plaintiff's, it is said: " Whenever I need machinery, I am guided almost entirely by the recommendations of the Frevert

Machinery Company with reference to my needs, and never buy anything on the strength of the name of the maker alone. If the Frevert Machinery Company's trade mark is upon a machine I am satisfied to buy same from the plaintiff herein, either new or second hand.'' Plaintiff alleges, and the proof shows, that it does sell its tools or machines because its trade mark is affixed thereto, and that many of its customers rely entirely upon the plaintiff's recommendations on tools and machines, and plaintiff attaches its trade mark to the machines and tools sold by it. Catalogues are submitted showing machines that plaintiff sells under its trade marks. Plaintiff submits proof that its sales manager was deceived into believing that defendant's trade mark was that of the plaintiff. Defendant admits that its attention was called to the similarity in design of the two trade marks, and that '' it agreed to destroy the name plates on hand provided plaintiff paid it the value thereof, to wit, $30, and to discontinue using same, for rather than become involved in a lawsuit the defendant was willing to discontinue the particular design, since same meant nothing in a business way.'' Defendant's president admits in his affidavit that the design of the defendant's trade mark is identical with that of the plaintiff. A comparison of the two trade marks in question shows that the devices used are identical, and the character of type, words used and their arrangement are almost identical. True, there are differences in names, etc., but the similarity between the two trade marks is none the less objectionable, because its separate features, when examined in detail, are not found to be copies of the corresponding features in plaintiff's trade mark. See *Luyties Bros.* v. *Zimmermann & Co.,* 149 App. Div. 542; *Kalish, Inc.,* v. *Harper,* 184 id. 684. It is not

necessary, to constitute infringement, that every element of a trade mark be appropriated, nor that the trade mark be *completely* copied. A proper test is whether, taking into account the resemblances and differences, the former are so marked that the ordinary purchaser is *likely* to be deceived thereby. In the case at bar it is admitted that the design of plaintiff's trade mark has been copied by defendant, or at least that the designs are identical, and a comparison of the two trade marks convinces the court that the character of the lines and the arrangement of the words are identical. Plaintiff's trade mark is a fanciful and arbitrary one, and the use of an almost identical trade mark by a competitor in trade for similar tools and machinery is a very obvious invasion of plaintiff's rights. It is no defense to say that the plaintiff has no trade mark in the words " lathes, shapers, millers, planers, tools." Plaintiff does not claim to have a trade mark in these words. Plaintiff's trade mark is in the design, and the words are merely incidental. Defendant may use the same words, provided it does not make use of the same design. Defendant makes much of the point that no one has been shown to have been deceived by the similarity in the two trade marks. Plaintiff shows that its sales manager was so deceived. However, it is no defense to a motion for an injunction that no such proof was submitted. As was said in *T. A. Vulcan* v. *Myers,* 139 N. Y. 364, 367: " No evidence was given or offered to show that any person had actually been deceived by the imitation of the plaintiff's trade mark, and we think that none was necessary for the maintenance of the action. It is the liability to deception which the remedy may be invoked to prevent." In *Kalish* v. *Harper, supra,* the court said: " The motion for an injunction was denied upon the ground that there was

no proof of deception. No such proof is necessary. Although the complaint alleges that the simulation of plaintiff's trade mark tended to and did result in deception, the right to an injunction sufficiently appears when it is shown that there has been an unlawful invasion of plaintiff's property right in its trade mark.'' It is the liability to deception and consequent injury which' justifies the issuance of an injunction. See *German American Button Co.* v. *Heymsfeld, Inc.,* 170 App. Div. 416, 421. Motion is granted, with ten dollars costs.

Motion granted, with ten dollars costs.