AJAX TOOL CO., INC., Plaintiff, *v.* BUCHALTER TOOL CO., INC., and Others, Defendants.

Supreme Court, Queens County, July 7, 1925.

Unfair competition — trade name — action for permanent injunction restraining defendants from engaging in business of manufacturing, buying or selling certain tools of same kind formerly manufactured by individual defendant under trade name — plaintiff entitled to use of trade name by reason of purchase of individual defendant's business — plaintiff entitled to injunction pendente lite restraining defendants' use of trade name though part of it is personal name — failure of plaintiff to prove loss of business does not preclude relief.

Plaintiff is entitled to an injunction *pendente lite* restraining the defendants from engaging in the business of manufacturing, buying or selling tools of the kind and character formerly manufactured by the defendant Harry Buchalter under the trade name "Buchalter Tool Co.," from continuing the use and exploitation of the said trade name, and from using the corporate name "Buchalter Tool Co., Inc.," notwithstanding the fact that part of the name is defendants' personal name, where it appears that plaintiff purchased said defendant's business "together with all merchandise, stock of trade, equipment, good will, truck and each and every article and incidental connected with the management and operation of the said business." The fact that plaintiff failed to show any loss by reason of defendants' acts does not warrant a denial of the motion, since it is not necessary to show such loss. The determining factor is not that the public has actually been deceived, but that there is a possibility that it may be deceived.

MOTION by plaintiff for an injunction *pendente lite*.

*William E. Stewart,* for the plaintiff.

*Algernon Nova,* for the defendants.

FABER, J.:

The action is for a permanent injunction restraining the defendants from engaging in the business of manufacturing, buying and selling certain tools under the firm name of " Buchalter Tool Co." in the metropolitan district, in the States of New York and New Jersey; from continuing the business of the " Buchalter Tool Co., Inc.," and the use of that name; from in any manner representing that the " Buchalter Tool Co., Inc.," is the business previously owned by the defendant Harry Buchalter, trading under the firm name of " Buchalter Tool Co.," or making any representations liable to make the public believe that the defendant corporation is the successor of the defendant Harry Buchalter; from transferring, removing, concealing or dissipating certain merchandise; for an accounting; for the impression of a trust on all the property of the defendant corporation; for the appointment of a receiver, and for $50,000 damages. For many years the defendant Harry Buchalter was engaged in the business of manufacturing tools under the trade name of " Buchalter Tool Co." The plaintiff has been for some time past engaged in selling tools throughout the United States, and sold, among other tools, those manufactured by the said defendant Harry Buchalter. Some months ago said defendant and the officers of the plaintiff began negotiations for the purchase of defendant Harry Buchalter's business and for a merging of such business with that of the plaintiff. Subsequently the defendant Harry Buchalter sold his business to the plaintiff, " together with all merchandise, stock of trade, equipment, good will, truck and each and every article and incidental connected with the management and operation of the said business." Other agreements were made between the said defendant Buchalter and the plaintiff's officers, the details of which are unnecessary to state for the purposes of this decision. About May 20, 1925, and within a few days after the consummation of the above-mentioned sale, the defendants Fannie Buchalter, Charles Buchalter and Isidor Buchalter (wife and sons, respectively, of defendant Harry Buchalter) organized the defendant corporation Buchalter Tool Co., Inc., for the purpose of engaging in a business similar to that conducted by the defendant Harry Buchalter under the trade name of " Buchalter Tool Co." Plaintiff contends that it has the exclusive right to the use of the name " Buchalter Tool Co.," and that because of similarity of name the defendants should be restrained from the use of the corporate name " Buchalter Tool Co., Inc." Plaintiff also seeks to restrain all the defendants from engaging in the business hereinabove mentioned. The defendants

48

contend that the court is without power to restrain them from the use of the corporate name, as it is their personal name, and cites authorities for the proposition that every man has the absolute right to use his own name in his own business, even though he may thereby interfere with or injure the business of another person bearing the same name, and that a man's name is his own property. (*Howe Scale Co.* v. *Wyckoff, Seamans & Benedict,* 198 U. S. 118; *Meneely* v. *Meneely,* 62 N. Y. 427; *Caswell* v. *Davis,* 58 id. 223.) Those cases relate to the use of personal names and are in accord with well-settled rules of law. They also hold that the manner of using the name may be enjoined, especially where one adds words to his name which imitates the trade name of another and thereby induces the public to believe his goods are those of another. (See, also, *Merritt Burial & Cremation Co.* v. *Merritt Co.,* 214 N. Y. 676.) The grievance of the plaintiff is not that the defendants are using their personal name, but are using the well-established trade name of " Buchalter Tool Co.," which was sold by the sole and exclusive owner thereof to the plaintiff. I do not believe the defendants would seriously urge that if there had been no sale by the defendant Harry Buchalter of his trade name to the plaintiff, his wife and sons would have the right, without his consent, to conduct the same kind of business under the name of the corporation which they have organized. The plaintiff is in the same position and has the same rights as the defendant Harry Buchalter prior to the sale by him to it. The similarity in the trade name and the corporate name is apparent, and such trade name being used by the plaintiff in connection with its own name, the use by the defendants of the corporate name is likely to mislead people dealing with the plaintiff. The same rule applies to corporations as to firms, and an injunction lies to prevent confusion and to prevent one party by the use of a similar name obtaining the business of another. In fact, there does not have to be identity of names. (*Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462, 468, 471; *B. P. O. Elks* v. *Improved B. P. O. Elks,* 205 id. 459.) The defendants contend also that plaintiff fails to show any loss by reason of the acts of the defendants. It is not necessary to show such loss nor that defendants are at the present time competing for business with the plaintiff. (*Metropolitan Tel. & Tel. Co.* v. *Met. Tel. & Tel. Co.,* 156 App. Div. 577, 583.) The determining factor is not that people have actually been deceived, but that there is a likelihood of that happening. (*T. A. Vulcan* v. *Myers,* 139 N. Y. 364; *Roy Watch Case Co.* v. *Camm-Roy Watch Case Co.,* 28 Misc. 45, 48; *Mark Realty Corp.* v. *Hirsch,* 180 App. Div. 549, 554; *Kalish, Inc.,* v. *Harper,* 184 id. 683.) So it is also immaterial what the intent

of the defendants was in selecting the corporate name. If confusion and deception are liable to result from its use an injunction should issue. (*German-American Button Co.* v. *Heymsfeld, Inc.,* 170 App. Div. 416, 421.) It, therefore, seems clear to me that the plaintiff is entitled to part of the relief it seeks and that an injunction should issue restraining the defendants *pendente lite* from in anywise engaging in the business of manufacturing, buying and selling tools of the kind and character which is now or was formerly manufactured and sold by the defendant Harry Buchalter under the firm name of Buchalter Tool Co., in the metropolitan district and in the States of New York and New Jersey and from continuing the business of the defendant Buchalter Tool Co., Inc., and from continuing the use and exploitation of the name " Buchalter Tool Co." or " Buchalter Tool Co., Inc.," and from in any manner representing within the State of New York and the State of New Jersey that the Buchalter Tool Co., Inc., is the business and concern previously owned and conducted by the defendant Harry Buchalter, trading under the firm name of " Buchalter Tool Co.," or making any representations liable to mislead the public and to make the public believe that the defendant Buchalter Tool Co., Inc., is the successor of the defendant H. Buchalter, trading as " Buchalter Tool Co." There being a dispute as to the ownership of certain merchandise alleged to have been sold by the defendant Harry Buchalter to the plaintiff, and there being another action pending involving the ownership of such merchandise, the question of such ownership should not be determined on the affidavits before me, but should be left to the trial justice. Motion granted to the extent indicated. Settle order on notice.