FOSTER BROTHERS MANUFACTURING COMPANY, Plaintiff, *v.* IDEAL BEDDING COMPANY OF ROCHESTER, INC., and Another, Defendants.

Supreme Court, Oneida County, September 27, 1930.

*Martin & Rendell* [*Richard R. Martin* of counsel], for the plaintiff.

*Ira H. Morris*, for the defendants.

LEWIS (EDMUND H.), J.   By this action the plaintiff seeks to restrain the defendants from the use of a corporate name, including the word " Ideal," in the manufacture or sale of beds, bed springs, mattresses, pillows or articles used therewith.

From the record before the court it appears that the plaintiff was incorporated in 1893 for the purpose of manufacturing and selling wire springs, spring beds, woven wire mattresses and bedroom furniture.   In the course of its business development it adopted and has registered as a trade-mark the word " Ideal " which word has been extensively used over a long period of years alone or in combination with other words, as designating the particular beds, mattresses and kindred products manufactured by the plaintiff.

The plaintiff's business has met with successful growth.   The market for its metal beds, springs and other products identified by the word " Ideal " or " Foster Ideal " extends throughout the Eastern States.   It has annually spent large sums in advertising its products and has built up a substantial and valuable good will around the featured word — its trade-mark — " Ideal."

In March, 1930, the defendant incorporated under the name " Ideal Bedding Company of Rochester, Inc."   Its corporate purposes were to manufacture and deal generally in beds and mattresses of all kinds.   While the fact is not controlling upon the decision of this motion, it is noteworthy that the defendant Samuel Gross, who was the promoter of the defendant corporation and is now its president and treasurer, formerly resided in the city of Utica where the plaintiff has its principal office and manufacturing plant. During his residence in that city said defendant was interested in the business of manufacturing and selling mattresses and maintained sufficient contact with the plaintiff corporation to be advised of the nature and extent of plaintiff's business and the fact that

for many years the plaintiff had extensively used the word "Ideal" as a trade-mark upon its products.

Following its incorporation the defendant is alleged to have commenced the manufacture and sale of mattresses in the city of Rochester in the conduct of which business it uses its corporate name including the word "Ideal."

The plaintiff contends that it is being damaged and will suffer future damage by reason of the fact that dealers and buyers in the retail trade who are solicited to purchase defendants' products are likely to be deceived in respect to the identity of the manufacturer thereof and to believe that such manufacturer is the plaintiff. Plaintiff further contends that the use by the defendants of its corporate name, including the word "Ideal," in the manufacture and sale of beds, springs, mattresses and other articles, will lessen the good will value of the plaintiff's business and its trade-mark "Ideal."

In opposition to plaintiff's motion the defendants contend it is the common practice of the plaintiff to use its trade name "Ideal" in association with other words, viz., "Foster Ideal," and that accordingly no confusion or deception will result from the fact that the defendant corporation markets its products under its corporate name which includes the word "Ideal."

The courts have uniformly held that where a product has been advertised and marketed under a trade name to such an extent that the public mind has been brought to the point of associating it with its manufacturer or producer, such manufacturer or producer has established a good will in the featured word or trade name which the court will protect. "While competition is essential to the life of commerce, and is the consumer's main defense against extortion, it should be fair and honest, and the manufacturer who produces an article of recognized excellence in the market, and stamps it with the insignia of his industry, integrity and skill, makes his trade mark a part of his capital in business, and thus acquired a property right in it, which a court of equity will protect against all forms of commercial piracy." (*T. A. Vulcan* v. *Myers*, 139 N. Y. 364, 367.)

I have reached the conclusion upon the proof before me upon this application that to permit defendants to continue the manufacture and sale of beds, mattresses and kindred articles under its corporate name, which includes the word "Ideal," will confuse and mislead the buying public with resulting damage to the good will which plaintiff has built around its trade name "Ideal." (*Fishel & Sons, Inc.,* v. *Distinctive Jewelry Co.,* 196 App. Div. 779; *Oneida Community, Ltd.,* v. *Oneida Game Trap Co., Inc.,* 168 id.

769, 781; *Roy Watch Case Co.* v. *Camm-Roy Watch Case Co.,* 28 Misc. 45.)

The defendants further contend that the plaintiff upon this motion for an injunction *pendente lite* has failed to show any actual deception to the public by defendants' use of the word " Ideal " in its corporate name and has failed to establish that any actual damage has occurred. The law does not require such proof. In *Vulcan* v. *Myers* (*supra*) the Court of Appeals was called upon to consider a similar objection. Judge MAYNARD, writing for the court, states (p. 367): " No evidence was given or offered to show that any person had actually been deceived by the imitation of the plaintiff's trade mark, and we think that none was necessary for the maintenance of the action. It is the liability to deception which the remedy may be invoked to prevent. It is sufficient if injury to the plaintiff's business is threatened or imminent to authorize the court to intervene to prevent its occurrence. The owner is not required to wait until the wrongful use of his trade mark has been continued for such a length of time as to cause some substantial pecuniary loss. (*Manufacturing Co.* v. *Trainer,* 101 U. S. 51.) " (See, also, *Roy Watch Case Co.* v. *Camm-Roy Watch Case Co., supra; Mark Realty Corp.* v. *Hirsch,* 180 App. Div. 549, 554; *Kalish, Inc.,* v. *Harper,* 184 id. 683.)

While there are many authorities which might be cited upon the subject, particular attention is drawn to the opinion of Mr. Justice FABER in *Ajax Tool Co., Inc.,* v. *Buchalter Tool Co., Inc.* (125 Misc. 752). The facts in that case and the arguments advanced by the respective parties are strikingly parallel to those with which we are concerned upon this motion. " The similarity in the trade name and the corporate name is apparent, and such trade name being used by the plaintiff in connection with its own name, the use by the defendants of the corporate name is likely to mislead people dealing with the plaintiff. The same rule applies to corporations as to firms, and an injunction lies to prevent confusion and to prevent one party by the use of a similar name obtaining the business of another. In fact, there does not have to be identity of names. (*Higgins Co.* v. *Higgins Soap Co.,* 144 N. Y. 462, 468, 471; *B. P. O. Elks* v. *Improved B. P. O. Elks,* 205 id. 459.) The defendants contend also that plaintiff fails to show any loss by reason of the acts of the defendants. It is not necessary to show such loss nor that defendants are at the present time competing for business with the plaintiff. (*Metropolitan Tel. & Tel. Co.* v. *Met. Tel. & Tel. Co.,* 156 App. Div. 577, 583.) The determining factor is not that people have actually been deceived, but that there is a likelihood of that happening. (*T. A. Vulcan* v. *Myers,* 139 N. Y.

364; *Roy Watch Case Co.* v. *Camm-Roy Watch Case Co.*, 28 Misc. 45, 48; *Mark Realty Corp.* v. *Hirsch*, 180 App. Div. 549, 554; *Kalish Inc.*, v. *Harper*, 184 id. 683.) So it is also immaterial what the intent of the defendants was in selecting the corporate name. If confusion and deception are liable to result from its use an injunction should · issue. (*German-American Button Co.* v. *Hymsfeld, Inc.*, 170 App. Div. 416, 421.) ".

The plaintiff's motion for an injunction *pendente lite* is granted. Ordered accordingly.