BARBARY COAST, INC., Plaintiff, *v.* EXHIBITION CONCESSIONS, INC., Defendant.

Supreme Court, Special Term, New York County, July 12, 1940.

*Yellin & Levy,* for the plaintiff.

*Hays, St. John, Abramson & Schulman,* for the defendant.

BENVENGA, J. The plaintiff, the owner of a cabaret and restaurant conducted in the city of New York under the name of Barbary Coast, seeks an injunction to restrain the defendant, the owner of a similar business conducted under the name of " Billy Rose's Barbary Coast " in the amusement area of the World's Fair grounds, from using the words " Barbary Coast " in connection with its business, on the ground of unfair competition.

The plaintiff conducts a permanent business, while the defendant carries on a temporary project which will be discontinued with the close of the World's Fair. The defendant's establishment is much larger than the plaintiff's, the entertainment being furnished by or under the direction of Billy Rose, a well-known showman. Indeed, the emphasis in the name used by the defendant is on " Billy Rose " rather than on " Barbary Coast," the name " Billy Rose " being used to attract attention to the establishment and the words " Barbary Coast " to denote the type of entertainment associated with the name of the showman and suggestive of the old Barbary Coast in San Francisco, which one might expect to witness.

The fundamental question is whether the use of the words "Barbary Coast," a geographic location, in connection with the defendant's establishment, is likely to result in confusion and deception, and thus enable the defendant to take advantage of the good will and business reputation which the plaintiff has built up through service or advertising. (*Anheuser Busch* v. *Budweiser Malt Products Corp.*, 287 Fed. 243, 246; *German-American Button Co.* v. *Heymsfeld, Inc.*, 170 App. Div. 416, 420, 421; *Ajax Tool Co., Inc.*, v. *Buchalter Tool Co., Inc.*, 125 Misc. 752, 754.)

I doubt whether the use by the defendant of the geographic or descriptive term "Barbary Coast" in connection with its establishment is likely to confuse or mislead the public to the detriment or injury of the plaintiff, especially when it is considered that the defendant's use of that term is "accompanied by such information or precaution as will unmistakably distinguish" the defendant's establishment from that of the plaintiff. (*De Long Hook & Eye Co.* v. *Hump Hairpin Co.*, 297 Ill. 359, 366; 130 N. E. 765; *Merriam Co.* v. *Saalfield*, 198 Fed. 369, 373; 238 id. 1.) To paraphrase the language of Judge LEARNED HAND in *Bayer Co., Inc.*, v. *United Drug Co.* (272 Fed. 505, 513), the plaintiff, after all presumptions and further procedural advantages have been weighed, must show that the name or term refers to or means its establishment, else he cannot prevent others from using the term.

The motion is denied. Settle order.