LAWRENCE MANUFACTURING COMPANY *vs.* LOWELL HOSIERY MILLS & others.

Suffolk. Nov. 19, 1879. — Sept. 9, 1880. MORTON & SOULE, JJ., absent.

Numerals, arbitrarily selected, and used on goods in combination with other devices to denote the origin of the goods, and not their quality, are a valid trade-mark; and a person who uses them, in combination with other devices which he has a right to use, may be restrained by a bill in equity from so using them, if he does so for the purpose of imitating the trade-mark, and his use is calculated to deceive, and does deceive, persons buying his goods.

COLT, J. This is a bill in equity, to restrain the defendant from using the plaintiff's trade-mark, and for compensation for the injury occasioned by such use. It was heard by a single justice of this court, upon the pleadings and proofs. The judge was of opinion that the plaintiff was entitled to the relief prayed for, and reported the case for the consideration of the full court.

The alleged trade-mark of the plaintiff consists of the figure of an eagle, surmounting a wreath formed of the branches of the cotton plant. The wreath encloses the words " Lawrence Manufacturing Company " printed in a circle, having underneath it the word " trade-mark," and, below all, the figures " 523," printed in large hollow block numerals. This device had been stamped for many years on hosiery of a certain grade, and was known and recognized as indicating that the goods so marked were of the plaintiff's manufacture. Before this, the plaintiff had used an eagle and scroll in combination with other numerals as a trade-mark, upon the same grade of hosiery; and the wreath and eagle of the present device, without the numerals 523, or any other numerals, had been previously used on other grades of its goods.

The stamp adopted by the defendant, in alleged imitation of the plaintiff's stamp, consists of an eagle surmounting a double circle or garter, on which are printed the words " extra finish iron frame," and beneath which are the figures " 523," printed in large hollow block numerals, of the size and description used by the plaintiff, and occupying the same position with reference to other parts of the device. This stamp the defendant has placed upon hosiery goods made by it for the purpose of

imitating the plaintiff's stamps, and in order that such goods might be supposed to be of the plaintiff's manufacture; and it was found by the judge that the plaintiff's customers had been misled and deceived thereby. The eagle and garter were used by the defendant before the alleged trade-mark of the plaintiff was adopted; and, at the argument, the plaintiff made no claim to the exclusive use of them, when not combined with the numerals "523."

The only question presented upon this report, therefore, is whether the plaintiff's stamp, including the figures, constitutes such a trade-mark as the law will protect. The statutes of this Commonwealth protect a person who uses any peculiar name, letters, marks, devices or figures, upon an article manufactured or sold by him, to designate it as an article manufactured by him. Gen. Sts. c. 56, § 1. It has been said that there can be no exclusive right to use marks, figures and letters which are intended merely to indicate the quality of the fabric manufactured, as distinguished from those marks which are intended to indicate its origin, because one has no right to appropriate a sign or symbol or mark, which, from the nature of the fact it is used to signify, others may use with equal truth, and therefore have an equal right to employ for the same purpose. *Manuf. Co.* v. *Trainer*, 101 U. S. 51. And in *Canal Co.* v. *Clark*, 13 Wall. 311, it was declared by Mr. Justice Strong that no one can claim protection for the exclusive use of a mark which would practically give him a monopoly in the sale of any goods other than those of his own manufacture. See also *Gilman* v. *Hunnewell*, 122 Mass. 139. Letters and figures, when used only for the purpose of denoting quality, are from the very nature of the use incapable of exclusive appropriation.

These considerations would be decisive, if the plaintiff here claimed the exclusive right to the numerals "523," when used only to indicate the quality, and not with reference to the origin, of the goods. But such is not the plaintiff's position. Its claim is that the purpose of using these figures in connection with the other parts of its trade-mark was to aid the buyer in distinguishing its goods from similar goods made and sold by others.

A trade-mark when applied to manufactured articles may well consist of the name and address of the manufacturer, with the

addition of some peculiar device or emblem, some curious forms or figures, so disposed as to attract attention, impress the memory, and advertise more effectually the origin of the article to which it is attached. This affords a wide field for ingenuity in producing designs, which the increasing variety of modern trademarks shows is not wholly neglected, and it may be that even numerals or letters of the alphabet can be combined and printed in such unusual and peculiar forms, that the result would be quite sufficient for use as a trade-mark. The difficulty of giving to bare numbers the effect of indicating origin or ownership, and of showing that the numbers used were originally designed for that purpose, was recognized in *Boardman* v. *Meriden Britannia Co.* 35 Conn. 402. But it was said in that case that, if once shown to have been used for that purpose, and to have had that effect, it would not be easy to assign a reason why they should not receive the same protection as trade-marks. The numbers in that case were, however, associated with the name of the plaintiffs, and with the form, color and general arrangement of the labels used; and were held by virtue of that connection to form an important part of the trade-mark itself. See also *Gillott* v. *Esterbrook*, 48 N. Y. 374; *Glen & Hall Manuf. Co.* v. *Hall*, 61 N. Y. 226; *Kinney* v. *Allen*, 1 Hughes, 106; *Ransome* v. *Bentall*, 3 L. J. (N. S.) Ch. 161.

In coming to his conclusion, the judge who heard the present case found that the plaintiff adopted and used the numerals "523" as part of its trade-mark; and this finding is supported by the evidence. It appears that these figures were selected arbitrarily; that they were of unusual and distinctive form; that they were added to the original device, consisting of the eagle, the wreath and the plaintiff's name, at the time when the word "trade-mark" was also added; and that the whole, so composed, has been used as one trade-mark ever since. This mark was recognized and known as the plaintiff's mark, and goods so marked were described and called for as "523's."

The defendant's imitation was produced by using the same figures, printed in the same style, and placed as to the other parts of the device in the same relative position as the plaintiff's. These numerals constituted one of the most prominent features in the plaintiff's design, and, when used in connection with the

rest o the defendant's mark, were calculated to aid in deceiving the public.

It is not necessary that the resemblance produced should be such as would mislead an expert, or such as would not be easily detected if the original and the spurious were seen together. It is enough that such similitude exists as would lead an ordinary purchaser to suppose that he was buying the genuine article and not an imitation. *McLean* v. *Fleming*, 96 U. S. 245. *Gorham Co.* v. *White*, 14 Wall. 511. *Metzler* v. *Wood*, 8 Ch. D. 606.

The imitation in this case accomplished the result intended, and the entry must be                              *Decree for the plaintiff.*

*L. M. Sargent*, for the plaintiff.

*G. F. Richardson*, (*D. S. Richardson* with him,) for the defendant.