DANIEL FRANK *vs.* SOLOMON S. SLEEPER & others.

Suffolk.    November 21, 22, 1889. — January 4, 1890.

Present : FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Equity Practice — Trade-mark.*

A bill in equity, to prevent the infringement of the trade-mark N S by the use of the symbol N & S, alleged that a cigar dealer adopted the letters N S as a trade-mark to designate cigars of a certain style and form of superior and uniform workmanship, and manufactured for him exclusively from a certain standard grade of tobacco ; that he sold his business, and with it assigned the trade-mark, to the plaintiff, who continued under that trade-mark to sell the same cigars, which were also made exclusively for him by the same manufacturer ; that labels on the cigar boxes gave the location of the factory, and, after his pur-· chase, the plaintiff's name as the successor to the business and trade-mark, with a notice that the N S brand as originally manufactured continued to be made by the same person for the plaintiff.    A decree made by a single judge, enjoining the defendant, recited that the letters N S constituted a valid trade-mark used to represent a cigar of a certain and distinct kind, that it was assignable, and that it was a symbol which did not indicate personal selection "further than that it was the name of cigars of a certain size, quality, and shape." *Held,* on appeal, the evidence *not* being reported, that the decree was warranted by the allegations of the bill, and should be affirmed.

BILL IN EQUITY, filed March 27, 1889, to restrain the defendant from infringing the plaintiff's trade-mark, consisting of the symbol N S by the use of the symbol N & S.    The case was heard before *C. Allen,* J., who made a decree granting an injunction ; and the defendants appealed to this court, no report of the evidence being made.    The allegations of the bill and the terms of the decree appear in the opinion.

*W. B. French,* for the defendants.

*G. L. Huntress,* (*H. Albers* with him,) for the plaintiff.

W. ALLEN, J.    As no evidence is before us, the only question upon this appeal is whether the decree is warranted by the allegations of the bill.    The objection is, that the letters N S cannot, under the allegations of the bill and the terms of the decree, be held to be a valid and assignable trade-mark, because the bill and the decree show either that the letters were used to indicate only the quality of the cigars, and not to distinguish them from other cigars of the same quality, or that they dis-

tinguished the cigars from those manufactured or sold by other persons only as indicating that they were selected by Nathan Samuel personally. See Pub. Sts. c. 76, § 1; *Lawrence Manuf. Co.* v. *Lowell Hosiery Mills*, 129 Mass. 325; *Hoxie* v. *Chaney*, 143 Mass. 592.

The argument for the defendants is that the bill and the decree show that the letters N S indicate the quality of the cigars, and that they had been personally selected by Nathan Samuel, the plaintiff's assignor, and do not show that they indicate the origin or ownership of the goods, or that they differ from other cigars except as having been selected by Nathan Samuel personally. The bill alleges that Nathan Samuel was a dealer in cigars in Boston; that David Hirsch was a manufacturer of cigars in New York, and was engaged by Samuel to manufacture cigars for him; that in the year 1877 Nathan Samuel adopted the letters N S as a trade-mark to designate cigars of certain style and form, and made from a certain standard grade of tobacco, and of superior and uniform workmanship, manufactured by said Hirsch for said Samuel, and sold by him; that Hirsch continued to manufacture the said N S cigars exclusively for Samuel, and Samuel to sell them under the said trade-mark, until he sold his business, and assigned with it the trade-mark, to the plaintiff, who has since carried on the business at the same place; that since said purchase Hirsch has continued to manufacture the said N S cigars exclusively for the plaintiff, and the plaintiff has continued to sell them under the trade-mark; and that the cigars are known in the market as the N S cigar. The bill also alleges that labels were affixed to the boxes of cigars, copies of which are annexed to the bill. The labels give the location of the factory in New York, and, after the purchase by the plaintiff, give his name as successor to Samuel, and also give notice that the N S brand of cigars was originally manufactured for Samuel by Hirsch, that the trade-mark was assigned to the plaintiff, and that the cigars continued to be manufactured by Hirsch. The bill further alleges, that, in consequence of the excellence of the material and manufacture, and of the skill and experience of Hirsch, and the enterprise, judgment, and skill of Samuel, and after him of the plaintiff, the trade-mark became of great value.

There is obviously no ground for the contention that the allegations of the bill do not show a trade-mark indicating origin or ownership, or a distinctive kind of cigars, but do show only a mark indicating that the cigars were of excellent quality, and that they had been selected by Samuel personally.

The defendants rely upon what they term findings of fact in the decree, as limiting the allegations of the bill, and modifying the rule that it is only necessary that the decree should be warranted by them. It is said that the court found as a fact, either that the mark N S failed to indicate origin or ownership, or that it indicated that the personal skill of Samuel was used in examining and approving the cigars.

The decree itself answers this argument. It finds that the letters N S constitute a valid trade-mark, used to represent a cigar of a certain and distinctive kind, that it was assignable, and that it was a symbol which did not indicate personal selection. This is not qualified by the connected words, " further than that it was the name of cigars of a certain size, quality, and shape," because cigars of a distinctive origin or ownership or kind may also be of a certain size, quality, and shape, and the symbol which indicates both cannot indicate personal selection in the sense in which the word is used in relation to trade-marks.

*Decree affirmed.*