COLGATE et al. v. ADAMS et al.

(Circuit Court, N. D. Illinois, N. D. July 5, 1898.)

TRADE-MARKS—INJUNCTION—CASHMERE BOUQUET SOAP.

The manufacturer of Cashmere Bouquet soap, who has built up a large business in making and selling it, may have an injunction restraining the use by a rival manufacturer of the words "Violets of Cashmere" to describe another soap.

In Equity.

Suit by Bowles Colgate and others against Charles L. Adams and others to enjoin infringement of a trade-mark, and restrain unfair competition in trade.

Rowland Cox and William O. Belt, for complainants.
Banning & Banning, for defendants.

GROSSCUP, District Judge. The bill alleges that about the year 1869 the complainants began the manufacture and sale of a toilet soap, to which they gave the trade-mark or trade-name of "Cashmere Bouquet," a designation never before used in connection with soap or similar products; that the complainants have spent large sums of money in advertising and popularizing their product, so that it has become one of the most popular toilet soaps in the United States; that their business in the manufacture and sale of this soap under this trade-mark or trade-name has become one of great magnitude; that in the trade their soap has come to be known and called

for as "Cashmere Soap"; that the words "Cashmere Bouquet" and the word "Cashmere" have become invested with a secondary meaning, as indicating complainants' product; that the defendants, soap manufacturers in Chicago, well knowing the value of the complainants' good will, have knowingly and fraudulently made use of the word "Cashmere" in connection with their manufacture and sale of soap; that the defendants have stamped the word "Cashmere" upon their soap, and upon the boxes the designation "Violets of Cashmere," being displayed and accentuated so as constitute, to all intents and purposes, the name and designation of the soap. It is alleged that this use of these words by the defendants, whether the complainants had a technical trade-mark or trade-name in the word "Cashmere" or not, constitutes an inequitable and fraudulent competition in business, and is a trespass upon the good will in the manufacture and sale of Cashmere Bouquet soap. The answer denies all these material allegations, and the especial defense is set up that the word "Cashmere" is a geographical word, and therefore incapable of exclusive monopoly as a trade-mark or otherwise. The proof satisfies me that the statement of the case by the complainants is substantially correct, and that the defendants' manufacture and sale of soap under the name "Cashmere," or the name "Cashmere" in connection with some other name, as "Violets," is calculated to mislead the public into the belief that in purchasing such soap they are purchasing complainants' soap. I think I am justified in holding, too, that the selection of this name by the defendants for their soap was due to the fact that the complainants had already built up a large trade under that name. This would constitute unfair competition. Whether the word "Cashmere," were this a case of technical trade-mark, would be held to be a geographical word, and therefore insusceptible of use, under the doctrine of Mill Co. v. Alcorn, 150 U. S. 460, 14 Sup. Ct. 151, I need not decide. I doubt, however, if the word carries to the senses any conception of place or geography. It was adopted, probably, because of its familiar sound to the public ear in connection with shawls, and conveys, if anything, an impression rather of fineness and softness, than of place. It is not, of course, strictly a word of quality, but by association impresses the mind with the thought of superior or desirable quality, rather than of place. Whatever would be my ruling were it a trade-mark case, pure and simple, the case, as presented, being one of unfair and inequitable competition, is controlled by Flour-Mills Co. v. Eagle, 30 C. C. A. 386, 86 Fed. 608, recently decided by the circuit court of appeals for this circuit, and an injunction must go against the defendants.

The defendants insist that complainants are entitled to no injunction, by reason of abandonment. This contention finds no satisfactory support either in the proven facts or the law. A decree may be drawn for an injunction only and costs.