(32 Misc. Rep. 87.)

### MONOPOL TOBACCO WORKS v. GENSIOR.

(Supreme Court, Special Term, New York County. June, 1900.)

**1. TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT.**

Where the label used by defendant on the top of boxes containing his goods was an infringement of plaintiff's label, the fact that the similarity in the labels was restricted to the general arrangement, terms, and details on the top of the box, while the wrappers on the bottom were essentially dissimilar, did not make the use of the defendant's label less of an infringement.

**2. SAME—INJUNCTION.**

On application for injunction to restrain defendant from using on boxes containing his goods a label claimed by complainant to be an infringement of his label, it appeared that both labels had light, clouded backgrounds, and were of the same dimensions. In the center of each was a circle of equal radius, with a light-colored perimeter of equal width. Within the plaintiff's circle was a coat of arms; and within the defendant's, a balloon, with a medallion on either side. The spaces between the circumference of the circle and the side edges of each label were occupied by pennants identical in size, shape, and inscription. One pennant bore the inscription, "Turkish Tobacco"; and the other, "Egyptian Cigarettes." Above the plaintiff's circle, in fancy red letters, conforming at their lower edges to the circumference, is the word "Monopol." Above defendant's circle, in similar red letters, similarly conforming, are the words "North Pole." Beneath the circle on each label were the words "Tobacco Works," in similar letters, and the words "New York," alike in every respect. Plaintiff's label had the word "No." in red letters in the upper left-hand corner, and the figures "27" in red in the upper right-hand corner. Defendant's label had the same arrangement, save 37 was used instead of 27. Both labels were so designed and printed as to throw into prominence the words "Monopol Tobacco Works" in the one, and the circle with the words "North Pole Tobacco Works" in the other. *Held*, that there was such infringement as should be enjoined.

**3. SAME—TEST AS TO SIMILARITY.**

On application for an injunction to restrain defendant from using on boxes containing his goods a label claimed by complainant to be an infringement of his label, the fact that dissimilarities between the labels appeared more prominently when the wrappers were placed side by side did not constitute a valid test as to whether there was such infringement as should be enjoined.

Suit by the Monopol Tobacco Works against Abraham Gensior. Motion for an injunction to restrain defendant's use of a label. Motion granted.

Philipp, Sawyer, Rice & Kennedy, for plaintiff.

House, Grossman & Vorhaus, for defendant.

LEVENTRITT, J. It is quite evident from an examination of the several labels and of the various affidavits submitted on this motion that there has been an attempt to imitate the label of the plaintiff, and the question is whether the imitation has progressed to an invasion of the plaintiff's rights. Will a purchaser of ordinary caution be deceived? Is the similarity such as is calculated to mislead

the careless and unwary? Colman v. Crump, 70 N. Y. 573. Disregarding the conflicting affidavits as to alleged instances of confusion and deception, and resting the decision of this motion solely on a comparison of the several labels, I am of the opinion that an injunction should issue. There is a general resemblance of the forms, symbols, marks, arrangement, and appearance, and it is such as is apt to deceive "the ordinary buyer, making his purchases under the ordinary conditions which prevail in the conduct of the particular traffic to which the controversy relates." Fischer v. Blank, 138 N. Y. 244, 33 N. E. 1040. The fact that the similarity in the labels is restricted to the general arrangement, appearance, and details on the top of the box, while the wrappers on the bottom are essentially dissimilar, does not make the use of the defendant's label less of an infringement of the plaintiff's right. "It is the top which is usually exposed to the eyes of the buyer, and from which the impression would be produced as to the brand of the article offered for sale." Taendsticksfabriks Aktiebolaget Vulcan v. Myers, 139 N. Y. 364, 34 N. E. 904. The essential points of similarity which compel a granting of this injunction are these: Both labels have light, clouded backgrounds, and are of exactly the same dimensions. In the center of each is a circle of equal radius, with a light-colored perimeter of equal width. Within the plaintiff's circle is a coat of arms; within the defendant's, a balloon, with a medallion on either side. The space between the circumference of the circle and the side edges of each label is occupied by streamers or pennants identical in size, shape, and inscription. One pennant bears the inscription, "Turkish Tobacco;" and the other, "Egyptian Cigarettes." Above the plaintiff's circle, in fancy red letters, conforming at their lower edges to the circumference, is the word "Monopol." Above the defendant's circle, in similar red letters, similarly conforming, are the words "North Pole." Beneath the circle on each label are the words "Tobacco Works," in letters of the same design, color, and conformation; and below this lettering are the words "New York," alike in every respect. The plaintiff's label has the word "No." in red letters in the upper left-hand corner, and the figures "27" in red in the upper right-hand corner. The defendant's label has the same arrangement, except that the figures "37" are substituted. It is only in that regard, and in the use of the words "North Pole" for "Monopol," that there is any difference in the size, shape, or color of the lettering, there being absolutely none in the location. Both labels are so designed and printed as to throw into prominence the circle with the surrounding words "Monopol Tobacco Works" in the one, and the circle with the surrounding words "North Pole Tobacco Works" in the other. Of course, there are differences between the two labels. But the cases in which the infringement is an exact copy are rare, if not entirely unknown. Nor does the fact that the dissimilarities appear more prominently when the wrappers are placed side by side constitute a valid test. Tobacco Co. v. Hynes (D. C.) 20 Fed. 883; Lawrence Mfg. Co. v. Lowell Hosiery Mills, 129 Mass. 325. That is not the usual way in which purchases are made. Experts may not be deceived, nor even the eye of the layman on the lookout for points of

difference. But such a test would serve no practical use. It is the effect on the purchaser, and the inquiry is, will he be deceived by the delineations or impressions on the label into believing the article the product of a rival manufacturer, especially in the absence of any cause for suspicion or watchfulness? So measured, I am satisfied that there has been such an infringement as this court, in the exercise of its equitable jurisdiction, should enjoin.

Motion granted, with $10 costs.