JULIUS KALISH, INC., Appellant, v. THOMAS F. HARPER, Doing Business as HARPER BROS., Respondent.

First Department, November 8, 1918.

Trade marks and trade names — infringement — injunction pendente lite.

A trade mark for face powder, perfumes, etc., having for its distinguishing feature the words " Swyt-Kisse," is infringed by the use of the words " Sweet Kiss " as the distinguishing feature of labels for similar preparations.

An injunction will issue, without proof of deception, restraining a defendant from the simulation of the plaintiff's trade mark, as the right to the injunction arises when it is shown that there has been an unlawful invasion of the plaintiff's property right in its trade mark.

On a motion for an injunction *pendente lite* to restrain the infringement of a trade mark, a claim that the plaintiff is not the real party in interest because the packages on which the trade mark is used contain the name of a different company, will not be considered where no such claim is made in the papers submitted in opposition to the motion.

APPEAL by the plaintiff, Julius Kalish, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of April, 1918, denying plaintiff's motion for an injunction *pendente lite*.

First Department, November, 1918. [Vol. 184.

*Samuel Perlo* of counsel [*Solomon Gavrin* with him on the brief], for the appellant.

*L. C. Ferguson* of counsel [*Banton, Ferguson & Moore*, attorneys], for the respondent.

SHEARN, J.:

The plaintiff is a corporation engaged in the retail and wholesale drug business at 383 Grand street in the borough of Manhattan. This business, first under the name of Julius Kalish and now under the corporate name, has been in existence for a period of over fifty years in the vicinity of its present place of business, and has acquired, the complaint shows, a high repute with the public. Since August 1, 1908, the plaintiff has manufactured and sold certain talcum powders, face powder and perfume in boxes, bottles and jars upon which there are attached labels which have for their distinguishing feature the words " Swyt-Kisse." In addition to plaintiff's having acquired a common-law property right in this trade mark and trade name, plaintiff has caused the same to be registered in the patent office of the United States as a trade mark. The defendant has come into the territory of plaintiff's business and put upon the market a face powder similarly sold in boxes upon which there are attached labels which have for their distinguishing feature the words " Sweet Kiss." The plaintiff has been denied an injunction *pendente lite* restraining the defendant from this simulation of plaintiff's trade mark. The trade mark adopted by the plaintiff and long in use is a fanciful and arbitrary one, and the use of the same trade mark for a similar article by a rival in trade appears to be a very obvious invasion of plaintiff's rights. The trifling change in the spelling of the words is of no consequence. The words are pronounced the same, look substantially alike and the only possible reason for defendant's adoption of the name, other than inadvertence, which is not claimed, is to enable it to poach upon plaintiff's good will. The motion for an injunction was denied upon the ground that there was no proof of deception. No such proof is necessary. Although the complaint alleges that the simulation of plaintiff's trade mark tended to and did result in deception, the right to an

injunction sufficiently appears when it is shown that there has been an unlawful invasion of plaintiff's property right in its trade mark. " It is the liability to deception and consequent injury which justifies the issuance of an injunction in a case like the present, and if the court can see that confusion and deception are liable to result from the similarity of names, it will not refuse the injunctive relief because the damage has not already been done." (*German-American Button Co.* v. *Heymsfeld, Inc.*, 170 App. Div. 416, 421.)

The point is made that there is a misrepresentation on plaintiff's box or some deception upon the court, for upon the box appears " Swyt-Kisse Perfumery Co." It is claimed that the company named must be the owner and real party at interest. No such claim is made in the papers submitted in opposition to the motion. If it appears on the trial that the plaintiff is not the owner of the trade mark or has been guilty of misrepresentation, that will end the case in favor of the defendant. The allegations in the papers should govern, rather than an unexplained name stamped on one of the exhibits.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion for an injunction *pendente lite* granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion for injunction granted, with ten dollars costs. Order to be settled on notice.