HUDSON TIRE CO., Inc., v. HUDSON TIRE & RUBBER CORPORATION
et al.

(District Court, S. D. New York.    July 6, 1921.)

Trade-marks and trade-names and unfair competition ☞71—"Hudson," as applied to tires, held to have obtained secondary meaning referable to merchandise.

    In an action to restrain sale of rubber tires in conjunction with the word "Hudson," facts *held* to show that the word "Hudson," as applied to tires and cords, had obtained a secondary meaning referable to complainant's merchandise, and the fact that defendants had secured a corporate name containing the word "Hudson" from the state of New York did not authorize them to use it in connection with their merchandise.

In Equity. Suit by the Hudson Tire Company, Inc., against the Hudson Tire & Rubber Corporation and others. Preliminary injunction granted.

Seligsberg, Lewis & Rothschild, of New York City (Clarence M. Lewis and Jay Leo Rothschild, both of New York City, of counsel), for plaintiff.

Brennan & Bleakley, of Yonkers, N. Y., for defendants.

AUGUSTUS N. HAND, District Judge. This is a motion to restrain defendants from manufacturing, selling, or dealing in rubber tires in conjunction with the word "Hudson." Plaintiff is a New Jersey corporation, having its principal place of business in Newark, New Jersey. Since January 1, 1911, plaintiff's secretary has been engaged in buying and selling automobile rubber tires described either as "Hud-

son double tires," "Hudson cords," or "Hudson super-cords." The business was incorporated December 2, 1915, under the name of "Hudson Double Tire Company, Inc." On December 2, 1916, the name was changed to "Hudson Tire Company, Inc.," which was the same name under which the secretary, Samuel Ehrlich, had done business as a trade-name prior to incorporation. During the past eight months the plaintiff has manufactured tires and super-cords. The secretary, and the succeeding corporation which he formed, are alleged to have spent about $4,000 a year in advertising. The plaintiff has sold super-cords in New Jersey, the New England states, Illinois, and Ohio. It is also stated that the corporation is proposing to make a contract for sale of Hudson cords in the state of New York. Prior to the organization of the plaintiff, Samuel Ehrlich swears that he sold tires in New York, as well as in New Jersey and Pennsylvania, under the name of Hudson Double Tire Company.

The defendant was not organized until April 19, 1920. It has purchased nine acres of land and started to construct a building for the manufacture of tires at Yonkers. It has advertised extensively, and a tire company, in Akron, Ohio, has manufactured certain tires for it with which to supply its stockholders "until production is had." The defendant at the time of its incorporation, in order to meet objections of the Secretary of State to the use of its name, obtained the consent of the Hudson Rubber Company and Hudson Tire Company, two New York corporations, to the use of the name under which defendant was incorporated. It is not shown what, if any, business these corporations did, or that they ever manufactured or sold tires. Defendant's advertising matter shows that it proposes to sell certain tires under the name of "Hudson cords," which is one of the names used in connection with plaintiff's merchandise.

Samuel Ehrlich states that he has received a number of telephone calls not intended for the plaintiff, and intended for the defendant; that a number of people wanted to know if plaintiff was putting up a building at Yonkers and whether they could furnish an estimate on the building. Plaintiff also received mail intended for defendant, and had machinery equipment people, who were really desiring to equip defendant's proposed building, call upon plaintiff. It is evident that the similarity of names may cause confusion, that the plaintiff was first in the field, that the defendant has done no manufacturing and dealt in no tires that were really its own, but has thus far been engaged largely in selling its stock in order to raise money to get into the manufacturing business.

The facts seem to bring the case within the principles laid down in Hanover Milling Co. v. Metcalf, 240 U. S. 403, 36 Sup. Ct. 357, 60 L. Ed. 713; Scandinavia Belting Co. v. Asbestos & Rubber Works, 257 Fed. 937, 169 C. C. A. 87; and National Circle, Daughters of Isabella, v. National Order of Daughters of Isabella (C. C. A.) 270 Fed. 723. I think the word "Hudson," as applied to tires and cords, had obtained a secondary meaning referable to complainant's merchandise, and the fact that defendants had secured a corporate name from the state of

New York did not authorize them to use it in connection with such merchandise.

A preliminary injunction will be granted, upon filing a bond with sufficient surety in the sum of $10,000.