### SMITH & WESSON, Inc., v. GALEF.

(District Court, S. D. New York. June 19, 1923.)

No. 26–249.

1. **Trade-marks and trade-names and unfair competition ⬡25½—Dealer may have more than one trade-mark.**

    A dealer may have more than one trade-mark.

2. **Trade-marks and trade-names and unfair competition ⬡93(3)—Evidence held to show that there was no abandonment of trade-mark "S. & W."**

    Evidence that plaintiff's catalogue showed a revolver bearing plaintiff's trade-mark "S. & W.," and that revolvers with this trade-mark were supplied by plaintiff in large numbers to the United States during the late war and are still manufactured, *held* to show that there was no abandonment of that trade-mark.

3. **Trade-marks and trade-names and unfair competition ⬡65—Owner of mark entitled to exclusive use, though deception of purchasers improbable and no damage sustained.**

    Owner of trade-mark has exclusive right to its use, though its use by another, together with the use of the latter person's name and other accessories, renders deception of purchasers improbable and owner has sustained no damage.

4. **Trade-marks and trade-names and unfair competition ⬡58—Use of mark "ST. W." in connection with firearms held to infringe mark "S. & W."**

    The use of the characters "ST. W.," inclosed in an oval and having the letter "T" somewhat distorted, used in connection with firearms and ammunition, *held* to infringe plaintiff's trade-mark "S. & W.," used on similar goods.

In Equity. Suit by Smith & Wesson, Inc., against J. L. Galef. On plaintiff's motion for preliminary injunction. Motion granted.

Rogers, Kennedy & Campbell, of New York City (Roberts, Roberts & Cushman, of Boston, Mass., of counsel), for plaintiff.

Eugene I. Gottlieb, of New York City, for defendant.

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WINSLOW, District Judge. This is a motion for a preliminary injunction by the plaintiff corporation to restrain the defendant from the use of the registered trade-mark "S. & W.," or any simulation thereof, on pistols or firearms, or from selling or offering for sale any pistol or other firearm bearing such trade-mark, or one so similar as to be likely to deceive the public.

The plaintiff is a corporation organized under the laws of Massachusetts. The defendant is a citizen of the state of New York, having his place of business in the Southern district of New York. The trade-mark of the plaintiff was duly registered by plaintiff's predecessors and assignors on July 31, 1894, certificate No. 25,085, and re-registered on October 14, 1913, certificate No. 93,767. The plaintiff, or its predecessors in business, have been manufacturers of and dealers in firearms in the several states of the United States for over 40 years, and have dealt with foreign nations extensively.

The defendant has sold and is a distributor of an automatic pistol manufactured in Germany, on which is stamped the characters "St. W.," inclosed in an oval. The letter "T" is somewhat distorted. The defendant contends that the automatic firearm bearing this device is of German origin and is so stamped; that the device "St. W." stands for the compounded German word "Stendawerke," and that it is not calculated to deceive the purchasing public in the belief that the pistol is the product of the plaintiff. The defendant also contends that the registered trade-mark "S. & W." has been abandoned by the plaintiff and that in lieu thereof it has used the initials "S. W." intertwined, inclosed in a circle. Stamped on the barrel of the defendant's automatic appear the words "Waffenfabrik-Stendawerke-Suhl-Germany," in addition to the device on the stock "ST. W.," inclosed in an oval.

[1] Plaintiff admits that the monogram trade-mark, composed of the letters "S. W." intertwined, is used extensively by the plaintiff, but the record satisfies the court that the plaintiff is also the owner of the trade-mark "S. & W.," and that such trade-mark has been used for many years, and is still used as a trade-mark upon some of its revolvers and pistols and upon packages in which they are inclosed. It needs no argument to sustain the contention that a dealer may have more than one trade-mark, and the only questions to be seriously considered by the court are, first, whether there has been an abandonment of the registered trade-mark, "S. & W.," and, second, whether the device used by the defendant, if there be no such abandonment, is an infringement upon plaintiff's trade-mark, "S. & W."

[2] As to the first proposition, the court is satisfied that there has been no abandonment of the trade-mark by the plaintiff as contemplated by law. It does not appear that there has been any voluntary or intentional disuse or nonusing of the mark. Plaintiff's catalogues in evidence show a revolver, "U. S. Army model 1917, having on the barrel 'S. & W.' D. A. .45," the "S. & W." being the plaintiff's trade-mark now under consideration, and "D. A. .45" meaning double action .45 caliber. It is uncontradicted that revolvers of this model, with this trade-mark "S. & W.," were supplied by the plaintiff in large

numbers to the United States during the late war, and are still manu-factured.

The defendant, by his affidavit, seems to contend that the legend "S. & W.," if now used at all by the plaintiff, has reference rather to the ammunition intended for use in the firearm manufactured by the plaintiff. From a careful examination of all the exhibits and the record, I can find no ground for finding such limited use of the device. It is not material whether the trade-mark is used on the goods themselves or on the packages containing them, and I am convinced that the long-established and present use of the "S. & W." trade-mark on the box cover, in which the plaintiff's firearms are sold, as well as on its pistols, has reference to the use of this trade-mark in connection with its firearms.

[3] The infringement is not voided by the use by the defendant of the defendant's name or other accessories in connection with its automatic pistol. It may well be that the surroundings on the two marks are different, and, if the question were one of unfair competition, such differences might be important, but they are of interest only on the question of whether there was an intent on the part of the defendant to imitate the plaintiff's mark. The use of such explanatory words in connection with the alleged infringing mark may have weight in regard to other issues involved in the suit, but the question now before this court is whether the owner of a trade-mark, as applied to firearms and ammunition, has an exclusive right to its use and is entitled to be protected, even though its use by another, together with the use of such accessories in a given case, may render deception of purchasers improbable. Omo Mfg. Co. v. Mystic Rubber Co. (D. C.) 225 Fed. 92; Menendez v. Holt, 128 U. S. 514, 521, 9 Sup. Ct. 143, 32 L. Ed. 526.

It may be that the record indicates that the defendant has not passed off his goods as the plaintiff's, and it may also appear that the defendant has not made profits, or that the plaintiff has not sustained damage. Such consequences are quite immaterial on this motion. Hutchinson, Pierce & Co. v. Loewy, 163 Fed. 42, 90 C. C. A. 1.

[4] In American Tin Plate Co. v. Licking & Co. (C. C.) 158 Fed. 690, it was held that "M. F." was infringed by the use of the letters "M. F. H." In Omo Mfg. Co. v. Mystic Rubber Co., supra, it was held that "oMo" was infringed by "dMd." In Frank v. Sleeper, 150 Mass. 583, 23 N. E. 213, "N. S." was held to be infringed by "N. & S."

I am of the opinion that the device used by the defendant, "ST. W.," in connection with firearms or ammunition, is an infringement of the plaintiff's trade-mark. The motion for a preliminary injunction will be granted, defendant to file a bond in due form, to be approved by the court, in the sum of $1,000, conditioned upon the payment of such costs and damages as may be incurred by any party who may be found to have been wrongfully enjoined or restrained.