WM. P. GOLDMAN & BROS., INC., Plaintiff, *v.* SAMUEL GOLDSTEIN and Another, Copartners Trading under the Firm Name and Style of GOLDSTEIN & GOLDSTEIN, Defendants.

Supreme Court, New York County, October 10, 1925.

Unfair competition — similarity of trade-marks — application for injunction restraining defendants from infringing on plaintiff's trade-mark — use of initials similar to plaintiff's trade-mark deemed infringement — fact that defendants used trade-mark without protest from plaintiff does not preclude plaintiff from relief.

Plaintiff, using a trade-mark device ("G. G. G.") in its business, is entitled to an injunction restraining the defendants from infringing upon said trade-mark by the use of initials ("G. & G.") similar to plaintiff's trade-mark, where it is evident that defendants' device was deliberately copied from plaintiff's device.

The fact that the initials used by the defendants represent the first letters of the defendants' last names, does not necessarily permit them to infringe upon the

47

rights of the plaintiff, since the rule that a person may employ his own name to distinguish his business, does not extend to the use of initials.

Relief will not be denied the plaintiff on the ground of laches though it had knowledge of defendants' use of the trade-mark in question and made no protest, for the doctrine of laches is not applicable in actions of this character.

APPLICATION for an injunction restraining the defendants from infringing upon plaintiff's trade-mark.

*Kahn & Zorn*, for the plaintiff.

*Albert Schatz*, for the defendants.

LEVY, J.:

The plaintiff in this action, a manufacturer of men's clothing, seeks an injunction against the defendants, a copartnership, restraining them from infringing upon its trade-mark. The plaintiff's device consists of " G. G. G." in script form, while the defendants employ two script " Gs " with the " & " sign between them. The plaintiff is a large concern doing extensive advertising, while the defendants have a much smaller business, but also do some advertising. Plaintiff's use dates back to 1909, while defendants did not adopt their trade-mark until 1919.

It is evident that defendants' device was deliberately copied from plaintiff's, consciously influenced by the forms used by the latter. This is evidenced by the identity of the script letters and particularly by inclosing the trade-mark in quotation marks, which are also used by the plaintiff and have been thus used since the adoption of the trade-mark. But even if this were not so, it is well settled that defendants' innocence of wrongful intent or the plaintiff's failure to show actual deception or damage need not be established where the plaintiff proves its right and the fact that the similarity is so close as to make deception likely. (*T. A. Vulcan* v. *Myers*, 139 N. Y. 364; *Kalish, Inc.,* v. *Harper*, 184 App. Div. 683; *Lipson* v. *Feigenbaum*, 205 id. 701.)

A very similar situation arose in the case of *Goldman & Bros., Inc.,* v. *Gold*, in which the present plaintiff obtained an injunction against that defendant after a trial of the action before Mr. Justice LYDON. The court there held (N. Y. L. J. May 4, 1925, Special Term, Part III) that the defendant's use of two " Gs " was an infringement of plaintiff's three " Gs." A permanent injunction issued there and no appeal was taken. The present case differs from the other litigation only in that the defendants insert the " & " sign between the two letters. In the matter of the letters themselves, it is even a more flagrant imitation than the other. The letters exhibited at the hearing in this matter clearly show that the defendants have become more bold in their imitation, having enlarged the " & " sign so that

the present label possibly gives the impression of three " Gs " instead of two " Gs." The important question to be considered here is whether the insertion of the " & " sign between the two letters distinguishes this case from the earlier one decided by Mr. Justice LYDON. The defendants urge the letters are the initials of the partners constituting the firm of Goldstein & Goldstein; but this does not avail them. The fact that " G. & G." represents the first letters of the defendants' last names does not necessarily permit them to infringe upon the rights of another. It is true that a person may employ his own name with impunity to distinguish his business, except where it may be shown that his motive was to acquire for himself the benefit of a reputation built up under that name by a competitor. (*Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462.) In such a case unfair competition must be clearly established to justify an injunction. The rule does not extend, however, to the use of initials as distinguished from names.

In *W. B. Manufacturing Co.* v. *Rubenstein* (236 Mass. 215) the defendants Rubenstein were enjoined from using " R. B." even though these letters were the abbreviation of the name of the partnership firm. Furthermore, if " G. G." is an infringment, then " G. & G." must likewise be held to be one. In *Frank* v. *Sleeper* (150 Mass. 583) the court held that " N. & S." was an infringement upon " N. S."

The final objection that the defendants have been using the trade-mark for six years without protest against its use is also unavailable. Even if it should appear that the plaintiff had knowledge of its use, the doctrine of laches does not seem to have application in actions of this character. (*Menendez* v. *Holt*, 128 U. S. 514.) The motion should, therefore, be granted. Settle order.