## GRIFFIN MFG. CO., Inc., v. IT SHOE POLISH CO., Inc.

### No. 3938.

Circuit Court of Appeals, Fourth Circuit.

Nov. 29, 1935.

Henry L. Ughetta and Everett W. Bovard, both of New York City, for appellant.

Edward A. Smith and Charles Markell, both of Baltimore, Md. (S. Ralph Warnken and Cook & Markell, all of Baltimore, Md., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is a suit in equity brought in the District Court of the United States for the District of Maryland, at Baltimore, in May, 1934, by the appellant, herein referred to as the plaintiff, against the appellee, herein referred to as the defendant. Plaintiff sought to enjoin the defendant from using the words "All White" on its labels, in the sale of shoe polishes and cleaners and further from simulating the label, of the plaintiff, used on bottles and cartons containing the plaintiff's product. After a hearing, the judge below entered a decree dismissing the bill of complaint, from which action the plaintiff brought this appeal.

In his oral opinion the trial judge held that the plaintiff had no right to appropriate the term "Allwite" as a trade-mark in connection with its product; that the words "All White," even though mis-spelled and consolidated into one word, were descriptive and not capable of an exclusive appropriation; that the word "Allwite" had not acquired a secondary meaning arising out of the use of the word with the plaintiff's name Griffin; and that the labels used by the defendant were in no way so similar to those used by the plaintiff as to lead any one to believe that the defendant's product was either the plaintiff's product or had anything to do with the plaintiff's product. In all these conclusions we concur.

The words "All White" are plainly descriptive and there can be no right to their use when they have no relation to the origin or the ownership of the goods. Standard Paint Company v. Trinidad Asphalt Manufacturing Company, 220 U.S. 446, 31 S.Ct. 456, 55 L.Ed. 536.

The evidence does not show that the words had acquired any such secondary meaning as would justify their appropriation either as a trade-mark or trade-name by the plaintiff.

The labels used by the defendant were in no respect so similar to those of the plaintiff as to constitute unfair trade practice.

Plaintiff relies upon the decision of this court in the case of W. G. Reardon Laboratories v. B. & B. Exterminators, 71 F.(2d) 515, but the facts in that case are entirely different from the facts here presented and the principles there laid down are not controlling here.

The decree of the court below is accordingly

Affirmed.