**PEPSI-COLA CO. v. KRAUSE BOTTLING CO. et al.**

**No. 4194.**

Circuit Court of Appeals, Fourth Circuit.

Sept. 27, 1937.

Rehearing Denied Nov. 2, 1937.

William A. Grimes and Stuart S. Janney, both of Baltimore, Md. (Ritchie, Janney, Ober & Williams, of Baltimore, Md., on the brief), for appellant.

William Saxon, of Baltimore, Md., for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and H. H. Watkins, District Judge.

NORTHCOTT, Circuit Judge.

This is a suit in equity brought in the District Court of the United States for the District of Maryland, at Baltimore, in April, 1936, by the appellant, Pepsi-Cola Company, a Delaware corporation, here referred to as the petitioner, against the Krause Bottling Company, a Maryland corporation, and Abraham Krause, here referred to as the respondents.

The object of the suit was to enjoin the respondents from using the trade-name "Pep-Ola," or any variation thereof imitative of the trade-mark "Pepsi-Cola," alleged to be the property of the petitioner. The names were used for a soft drink beverage.

After a hearing the judge below decided that the petitioner was entitled to the injunction which was granted on May 14, 1936. On July 15, 1936, the petitioner filed its petition alleging that the respondents were marketing a beverage under the name of "Pep" and asked that respondents be enjoined from using this name "Pep" as being an infringement on the trade-mark "Pepsi-Cola" as well as a violation of the former order of the court. The respondents answered this petition and after the taking of testimony and argument the judge below on February 10, 1937, entered a decree dismissing the petition at petitioner's cost. From this action this appeal was brought.

The sole question involved is whether the use of the trade-name "Pep" for a soft drink beverage is an infringement of the trade-mark "Pepsi-Cola," likewise used as a trade-name for a soft drink beverage. We do not think it is.

The testimony shows, and there is little or no dispute as to the facts, that a soft drink had been sold in the city of Baltimore under the trade-name of "Pepsi-Cola" for several years prior to the institution of the suit and that this drink was known by some of the consumers and retailers by the nickname of "Pep." This drink was sold in Baltimore for a few months in the year 1925.

The respondent Krause, individually and trading as Krause Bottling Company, had been engaged in the manufacture and sale of soft drinks in Baltimore since the year 1920 and marketed a soft drink under the trade-name "Pep" from 1928 to 1932. In this latter year Krause went into bankruptcy, and the trustee in the bankruptcy case in February, 1933, sold the entire assets of the Krause Bottling Company to one Boin. Shortly after this sale the Krause Bottling Company was incorporated and acquired from said Boin all the assets purchased by him from the trustee, included in which assets was a large lot of crowns for bottles with the name "Pep" imprinted on them.

The respondents did not again begin the manufacture and sale of a drink under the name "Pep" until the year 1936, after the injunction was issued prohibiting the use of the name "Pep-Ola."

The judge below held that the respondent Krause had the prior right to the use of the word "Pep," had not abandoned the trade-mark, and that the respondent company had succeeded to the right to use it. Without deciding these questions, we are of the opinion that the refusal to grant the injunction was right for the reason that the word "Pep" is not a word that is capable of exclusive appropriation as a trade-mark.

274

Descriptive words cannot be appropriated as trade-marks. Bliss, Fabyan & Co. v. Aileen Mills (C.C.A.) 25 F.(2d) 370, 372, and authorities there cited. As was said by Judge Soper, now of this court, in that case: "It is settled, beyond all controversy, that a manufacturer has no right to the exclusive use of a descriptive word in connection with his goods, and if nevertheless he adopts such a trade-mark, he himself is largely to blame for the confusion which ensues when other manufacturers, with equal right, adopt similar terms to describe their products."

See, also, W. G. Reardon Laboratories, Inc., v. B. & B. Fxterminators Inc. (C.C.A.) 71 F.(2d) 515; Griffin Mfg. Co., Inc. v. It Shoe Polish Co. (C.C.A.) 80 F.(2d) 514.

"Pep" is a slang word that has come to have a well-known and generally accepted meaning in our language. Presumably derived from the word "pepper," it is in use generally as denoting vim, vigor, energy, or anything that will impart those or similar qualities when a food or drink is used. It is defined in Webster's Dictionary as "effective energy or power." Its use is too general and its significance too well known to permit of its appropriation as a trade-mark for the exclusive use of any one manufacturer.

On the other hand, the term "Pepsi" in the trade name "Pepsi-Cola" would rather indicate that the beverage contained some ingredient that is supposed to aid digestion, as pepsin is supposed to have that effect. Just as a well-known brand of chewing gum is known as "Pepsin Gum" and advertised as aiding digestion.

The word "Pep" in no way suggests "Pepsin," "Pepsi," or "Pepsi-Cola." The mere fact that it is the first syllable of those words no more suggests them than the word "can," the first syllable of the word "Cantata," suggests the latter word.

In the case of Coca-Cola Company v. Koke Company, 254 U.S. 143, 41 S.Ct. 113, 114, 65 L.Ed. 189; the Supreme Court held that while the Coca-Cola Company was entitled to an injunction prohibiting the use of the word "Koke" by a competitor because the word "Coke" had acquired a secondary meaning with respect to the drink "Coca-Cola," at the same time the court held that that company had no right to appropriate, to its exclusive use, the word "Dope." We think this case controlling here. The words "Dope" and

"Pep" are in the same category when used by those who, in the language of Mr. Justice Holmes, "are incapable of discriminating speech."

The decree of the court below is affirmed.

Affirmed.