### ANHEUSER–BUSCH, Inc., v. POWER CITY BREWERY, Inc.

No. 194.

District Court, W. D. New York.
Aug. 11, 1939.

Babcock, Hollister, Newbury & Russ, of Buffalo, N. Y. (Louis L. Babcock, of Buffalo, N. Y., Daniel N. Kirby, of St. Louis, Mo., and Harry D. Nims and Walter Halliday, both of New York City, of counsel), for plaintiff.

George E. Carrie, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

This is a motion for a preliminary injunction in a trade-mark infringement and unfair competition suit. The plaintiff is the manufacturer of the well-known "Budweiser" beer and ale. It has been engaged in this business in St. Louis, Missouri, continuously for upwards of eighty years. Its products are, and for many years have been, sold in large quantities throughout the United States and other countries. For more than sixty years it has used the registered trade-mark "Budweiser" upon its product and in its extensive advertising.

The defendant was incorporated in 1933. Until 1938 it manufactured and sold beer under the name of "Silver Foam". In the last mentioned year it put out a beer called "Niagara Bud Beer", the name at times being shortened to "Niagara Bud". It has continued to advertise and sell a product under this name. Defendant's labels bear one of the above names and also the picture of a rosebud.

Plaintiff's Niagara Falls, New York, distributor is the "Power City Distributing Company, Inc." Plaintiff asserts that the defendant's corporate name is in imitation of the distributor's corporate name and that this is to be considered in connection with the name used on defendant's product. Niagara Falls, New York, is known as the "Power City". Many corporations have been organized under a corporate name including the words "Power City". Defendant company is described in its name as a brewing company, while plaintiff's agent is described in its name as a distributing company. There is not necessarily an implication of connection between the two. Defendant has the right to use its corporate name in the sale of its products. No importance is attached to this question at this time.

The material question before the Court concerns the use of the word "Bud" as part of a name to designate defendant's product.

A preliminary injunction should be granted only where the plaintiff clearly establishes a prima facie case. The proofs meet that test. The word "Budweiser" finds its origin in the name of the Bohemian town of "Budweis", formerly a part of Austria, where beer was brewed. Ordinarily, a geographical name is not subject to registration as a trade-mark, but the name "Budweiser", as applied to beer in this country, has acquired a secondary meaning and its registration as a trade-mark has been upheld. Anheuser-Busch, Inc., v. Budweiser Malt Products Corp., 2 Cir., 295 F. 306. To the same effect are: Anheuser-Busch v. Budweiser Malt Products Corp., D.C., 287 F. 243; Anheuser-Busch Brewing Ass'n v. Fred Miller Brewing Co., C.C., 87 F. 864; Anheuser-Busch, Inc., v. Cohen, D.C., 37 F.2d 393, 395. See also French Republic v. Saratoga Vichy Spring Co., 191 U.S. 427, 24 S.Ct. 145, 48 L.Ed. 247, with regard to secondary meaning of a geographical name. The sequential questions are whether "Bud", as an abbreviation or nick-name, likewise has acquired a secondary meaning as representing plaintiff's products, and whether its use by defendant is likely to cause the purchasing public to believe defendant's product to be that of the plaintiff.

Voluminous affidavits have been submitted upon this motion. Many are directed to show that the word "Bud" has been generally used by the trade and the public to designate plaintiff's product; others are directed to show that purchasers believed that the product of the defendant is made by the plaintiff and were deceived in their purchases. Other affidavits have been submitted to show that sales of defendant's product are made by defendant and its dealers under the sole name of "Bud". Many affidavits are directed to show confusion of the purchaser. It is to be noted that naturally the products of the parties are handled together. The defendant has submitted affidavits of its president, two investigators and several bartenders to show that there is no confusion in the sale of the products in question.

In determining the questions presented where there are conflicting affidavits, obviously the Court is not precluded by the number of affidavits. It is required to examine all the proofs in the light of reasonable probability, and reasonable probability is naturally gauged by the ordinary experience and contacts of a court. Applying the ordinary rules of determination, it

seems, upon the proof now presented, that the use of the word "Bud" in the designation of a beer is calculated to deceive the ordinary purchaser and cause him to believe that it was made by the maker of Budweiser Beer, by reason of the fact the "Bud" has long been used as an abbrevation or nick-name of "Budweiser" and as such is ordinarily associated with the plaintiff's product. It has acquired a secondary meaning and plaintiff is entitled to the same protection in its use as it is regarding the parent word.

■■ This case seems clearly to be controlled by previous decisions of the courts. Coca-Cola Co. v. Koke Co., 254 U.S. 143, 41 S.Ct. 113, 65 L.Ed. 189, reversing, 9 Cir., 255 F. 894, and affirming in part, D.C., 235 F. 408, seems directly in point. The Supreme Court held that the use of the word "Koke" should be restrained. The word is generally used as an abbreviation or nickname for Coca-Cola. It has acquired a secondary meaning although it has a definite meaning of itself and apart from Coca-Cola. To the same effect are: Anheuser-Busch, Inc., v. Cohen, supra, wherein "Budd-Wise" was held to infringe "Budweiser"; Ammon & Person v. Narragansett Dairy Co., D.C., 252 F. 276, affirmed, 1 Cir., 262 F. 880, wherein "Queen" was held to infringe "Queen of the West"; and Guinness, Son & Co. v. Oscar Von Burnuth, Inc., D.C., 14 F.Supp. 210, where "Dublin Stout" was held to infringe "Guinness's Extra Stout Dublin". It makes no difference that the defendant uses the word "Niagara" with the word "Bud." Richmond Remedies Co. v. Dr. Miles, etc., 8 Cir., 16 F.2d 598. Neither subtractions from nor additions to a trade-mark proper will avoid infringement where there is such imitation as is likely to lead to confusion despite the change. Guinness, Son & Co. v. Oscar Von Burnuth, Inc., supra. The question is whether the word "Bud" as applied to the product of the defendant is likely to deceive the ordinary purchaser. Smith & Wesson, Inc., v. Galef, D.C., 292 F. 314; Colgate v. Adams, C.C., 88 F. 899; National Circle v. National Order, 2 Cir., 270 F. 723; Hudson Tire Co., Inc., v. Hudson Tire & Rubber Corp., D.C., 276 F. 59; Rice & Hutchins v. Vera Shoe Co., 2 Cir., 290 F. 124; Oneida Community, Ltd., v. Oneida, etc., 168 App.Div. 769, 154 N.Y.S. 391.

Nor does it make any difference that the word "Bud" is alleged to refer to a rosebud, a picture of which is printed on the label. Certainly the picture of a rosebud along with the use of the word "Bud" does not work any distinction and is not known or identified with either the plaintiff or the defendant. It adds nothing. "Bud" as a trade-mark of itself has been used by the plaintiff. It appears on the tap handle on plaintiff's beer tap. It is, however, not shown to be used as such in the Niagara District.

Defendant places reliance principally on the case of Pepsi-Cola Co. v. Krause Bottling Co., 4 Cir., 92 F.2d 272. The cases are distinguishable. The Court specifically calls attention to the holding in Coca-Cola Co. v. Koke Co., supra, that "Coke" had acquired a secondary meaning, while "Pep" like "Dope" had not.

Another ground urged by plaintiff for granting the relief urged is that in various states it prints on its cap the name of the state in which distribution is made. For example, in Virginia, the cap reads "Budweiser Beer-Virginia". The use of the words "Niagara Bud" is claimed to be confusing in that purchasers might believe defendant's product to be plaintiff's product labelled for distribution in the Niagara area. It is believed that some confusion might be so caused but in view of the finding that the use of the word "Bud" amounts to infringement and unfair competition, it seems unnecessary to give further consideration to this question.

■ It is not necessary for plaintiff to show intent to defraud. Defendant continued to use the name "Bud" and the same label after notice of alleged infringement. Under these circumstances fraud will be presumed. Straus v. Notaseme Hosiery Co., 240 U.S. 179, 36 S.Ct. 288, 60 L.Ed. 590; Feil v. American Serum Co., 8 Cir., 16 F.2d 88.

■ Whether a preliminary injunction should be granted in a suit of this nature rests in the sound discretion of the court. Meccano, Ltd., v. John Wanamaker, 253 U.S. 136, 40 S.Ct. 463, 64 L.Ed. 822. The burden of proof rests on the plaintiff, and he must establish a prima facie case free from reasonable doubt. Walker on Patents, 2d Ed., vol. I, page 786. Here we have a mixed question of law and fact. Whether the word "Bud" has acquired a secondary meaning is a question of fact. It is thought that the record now presented presents a prima facie case free of reasonable doubt of plaintiff's right of recovery.

■ The motion for a preliminary judgment is granted on the condition that plaintiff give a bond to defendant in an amount sufficient to indemnify defendant for any loss which may be sustained by it in the event of the final determination of the suit in its favor. The amount of such bond shall be fixed by the court after consultation with the respective attorneys.