

William Saxon, of Baltimore, Md., for appellants.

Milton Handler, of New York City (Mullikin, Stockbridge & Waters and Theodore C. Waters, all of Baltimore, Md., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and BRYAN, District Judge.

SOPER, Circuit Judge.

This appeal was taken from an order of the District Court whereby The Krause Bottling Company and Abraham Krause, defendants in a suit for the infringement of the trade mark "Pepsi-Cola", were fined $250 each for contempt of court, in that, as the court found, they had violated a consent decree issued in that case on May 14, 1936, whereby they had been enjoined from using the name "Pep-Ola", or any

**KRAUSE BOTTLING CO. et al. v. PEPSI-COLA CO.**

**No. 5721.**

Circuit Court of Appeals, Fourth Circuit.

May 7, 1948.

other name imitative of or likely to be mistaken for and confused with the trade-mark "Pepsi-Cola."

Subsequent to that decree we held in Pepsi-Cola Company v. Krause Bottling Company, 4 Cir., 92 F.2d 272, that the same defendants were entitled to use the trade-mark "Pep" on the labels of their soft drink since it did not infringe the trade-mark "Pepsi-Cola" and is a descriptive word in common use, not subject to the exclusive use of the Pepsi-Cola Company although consumers and retailers of its product sometimes use it as a nickname for Pepsi-Cola. We have also held that the word "Cola" is descriptive of a kind of drink and not susceptible to exclusive appropriation. Dixi-Cola Laboratories v. Coca-Cola Co., 4 Cir., 117 F.2d 352.

Having thus the lawful right to use both the word "Pep" and the word "Cola", the defendants published advertisements in which the two words were so arranged or juxtaposed as to make it appear to the public that the defendants were manufacturing a drink called "Pep-Kola"; and this combination was so close to Pepsi-Cola that the District Judge had no difficulty in finding that the defendants had violated the injunctive decree of May 14, 1936, and therefore adjudged them guilty of contempt of court. The evidence on the point, consisting largely of defendants' advertisements which were presented to the District Court and to us, is so conclusive that we have no difficulty on our part, without further discussion, in holding that the adjudication below was well deserved.

The defendants, however, object to the procedure by which the District Court arrived at the order from which this appeal was taken. The Pepsi-Cola Company brought the defendants' actions in violation of the injunction to the court's attention by a petition supported by affidavit, and copies of the offending advertisements and correspondence between the parties which were filed as exhibits. In response to a show-cause order based on the petition, the defendants filed a motion to dismiss which challenged the sufficiency of the petition. Upon these pleadings the case came on for hearing at which the advertisements were examined and discussed and counsel were given full opportunity to be heard, and thereupon the judge announced his opinion that the injunction had been violated by the defendants and that the motion to dismiss the petition should be overruled. He then inquired as to the extent of the advertisements whereupon defendants' counsel expressed the desire to file an answer to the petition and to offer testimony to show what had taken place since the decree of May 14, 1936 was issued, and also to show that the defendants' product was different from Pepsi-Cola. The court expressed the opinion that evidence on the latter point was immaterial, but adjourned the hearing until the afternoon of the same day to enable the defendants to present evidence as to the extent of the advertisements. At the adjourned hearing the individual defendant and the advertising agent of the defendants testified on this point and no other evidence was offered. Nothing was brought out which justified a modification of the court's opinion.

The defendant suffered no injury through this procedure. They were given an opportunity to present evidence, but they failed to deny the publication of the advertisements or to show that they did not violate the injunction. There was no offer at the adjourned hearing to show that the defendants' beverage was not a cola drink. Indeed in the argument before us defendants' counsel conceded that the defendants' beverage is of this variety. Obviously the defendants had no defense of the accusation that they did not present to the District Court. It is true that under Rule 12(a) and (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., following section 723c, a defendant instead of answering a claim or suit for relief may raise the defense by motion that the complaint fails to state a valid claim, and if the court denies the motion, the defendant has ten days to answer after notice of the court's action. In this instance, however, it is clear even if the petition in the injunction case be treated as the filing of a new suit, that the defendants had no evidence or defense to offer other than that presented at the two hearings. The defense consisted of the right of the defendants to use the

words "Pep" and "Kola" in their business so long as they were not combined deceitfully to imitate the words "Pepsi-Cola" and this question was fully presented and considered by the District Court. No prejudicial error being shown, the order of the District Court will be affirmed. We do not find it necessary to discuss the additional point that contempt proceedings are sui generis and that the court may adopt its own procedure, provided the contemnor is given suitable notice and an opportunity to appear and to be heard. Ex parte Savin, 131 U.S. 267, 286, 9 S.Ct. 699, 33 L.Ed. 150; Blackmer v. United States, 284 U.S. 421, 440, 52 S.Ct. 252, 76 L.Ed. 375; Fanning v. United States, 4 Cir., 72 F.2d 929, 931; Camarota v. United States, 3 Cir., 111 F. 2d 243. Rule 42(b), Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687.

Affirmed.